# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* T. RANKIN, Minor.

UNPUBLISHED
January 13, 2015

No. 322471
Wayne Circuit Court
Family Division
LC No. 05-445344-NA

Before: FORT HOOD, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

Respondent-mother, K. Rankin, appeals as of right the trial court's order terminating her parental rights to her minor daughter under MCL 712A.19b(3)(*i*) (parent's rights to another child terminated after serious or chronic neglect), (j) (risk of harm to the child), and (*l*) (parent's rights to another child involuntarily terminated). We affirm.

## I. FACTS

The Department of Human Services (the Department) requested to terminate Rankin's parental rights to the child at the initial dispositional hearing. According to Thomaca Bush, a Children's Protective Services worker, police officers found the child in an unsecured car seat in Rankin's vehicle. At that time, Rankin was operating the vehicle with a blood alcohol content of .235. Rankin later pleaded guilty to operating a vehicle with a blood alcohol content of .1 or greater and resisting or obstructing a police officer, and she was incarcerated on those charges. From 2005 to 2007, Rankin was involved in proceedings involving the child's sibling. Those proceedings resulted in the termination of Rankin's parental rights.

Rankin pleaded no contest to the allegations and admitted that statutory grounds existed to terminate her parental rights. The trial court found that Rankin's plea and Bush's testimony established clear and convincing evidence to terminate Rankin's parental rights. It ordered the Clinic of Child Study to prepare a report regarding the child's best interests and placed the child with a maternal aunt.

A hearing on the child's best interests was held on May 13, 2014. According to the affidavit of the court reporter, Susan M. Davis, the recording of the May 13, 2014 hearing is missing. The trial court held a second hearing on the child's best interests on June 10, 2014. At the beginning of the June 10, 2014 hearing, the trial court described the proceedings on May 13, 2014, stating that "the worker testified that [Rankin] had prior terminations and that [Rankin]'s earliest release date is May, 2015."

-1-

At the June 10, 2014 hearing, Gloria Ware, a foster care specialist with the Department, testified that Rankin did not complete substance abuse treatment in her previous case. According to Ware, the child was placed with a maternal aunt and the child's older sibling is placed with a maternal grandmother. The child was able to see her sibling regularly. Further, the child was "really thriving . . . and she's with a loving and caring caregiver."

Laura Brown testified that she had known Rankin for over 10 years. According to Brown, she frequently observed Rankin with the child. Rankin loved the child, wanted to be a good mother, and provided the child with appropriate care.

Rankin testified that she loves the child. Rank was 33 years old and began drinking at age 21. According to Rankin, she "should never have gotten behind the wheel under the influence" and would never do so again. Rankin planned to attend Alcoholics Anonymous classes and meetings on her release from prison. She participated in several programs in prison, including parenting classes, bible study, and a program for abused women. She worked in the prison's kitchen and planned to go back to school and study culinary arts. She had made housing and work arrangements for her and the child on her release from prison.

The report provided by the Clinic of Child Study states that, despite Rankin's previous participation in substance abuse programs, Rankin has "woefully little knowledge of the treatment, recovery or aftercare process." According to the report, Rankin did not believe that she was an alcoholic or that she had triggers for alcohol use. The report concluded that Rankin "has a very poor prognosis for stopping dysfunctional behavior that has been going on for half her lifetime, particularly in the absence of acknowledging that she has a problem in the first place." The report noted that "people who lack insight into their difficulties are unlikely to change for the better," and recommended immediate permanency and stability for the child.

The trial court found that Rankin did not complete the substance abuse services that the Department provided during the 2007 case, and it was unlikely that Rankin would change her behavior in the future. The trial court found that Rankin loved the child, but the child's best interests were "to have some sort of permanency and stability and to not have her waiting for [Rankin.]" The trial court found that the child's maternal aunt was willing to adopt her. The trial court concluded that, though the child was placed with a relative, terminating Rankin's parental rights was in the child's best interests.

## II. STANDARD OF REVIEW

This Court reviews for clear error the trial court's determination regarding a child's best interests. MCR 3.997(K); *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *Ellis*, 294 Mich App at 33.

## III. THE CHILD'S BEST INTERESTS

First, Rankin contends that the reporter's failure to produce the transcript of the May 13, 2014 hearing violated her due process rights. Rankin has abandoned this argument.

"An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, . . . nor may he give issues cursory treatment with little or no citation of supporting authority." *Ypsilanti Fire Marshal v Kircher (On Reconsideration)*, 273 Mich App 496, 530; 730 NW2d 481 (2007) (quotation marks and citation omitted). An appellant's failure to support an issue abandons the issue. *Id*. In her brief on appeal, Rankin has failed to provide even a single authority to support her assertion. We will not discover Rankin's authority for her, and we conclude that Rankin has abandoned this argument.

Second, Rankin contends that the trial court's decision to terminate her parental rights was clearly erroneous because the child was placed with relatives and Rankin could make progress on her substance abuse issues. We disagree.

To determine whether it is in the child's best interests to terminate a parent's, the trial court should weigh all the evidence available. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The trial court should consider a wide variety of factors, which may include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). The trial court may also consider the children's well-being while in care and the possibility of adoption. *White*, 303 Mich App at 710. A child's placement with a relative weighs against terminating parental rights. *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010).

In this case, the trial court found that the child was placed with her maternal aunt. But, as stated by the Clinic of Child Study report and found by the trial court, it is improbable that Rankin will overcome her substance abuse issues. Rankin refuses to admit that she has a problem, despite that the trial court previously terminated her rights to another child due to substance abuse and that she drove while extremely drunk and with her child unsecured in the car. The child should not be forced to languish in foster care, without permanence or stability, while Rankin attempts to overcome a substance abuse issue that she will not admit she has.

We are not definitely and firmly convinced that the trial court made a mistake when it found that other factors—including Rankin's extensive history of unaddressed substance abuse, the child's needs for permanence and stability, and the possibility of adoption—outweighed the child's placement with a maternal aunt. We conclude that the trial court's finding that terminating Rankin's parental rights was in the child's best interests was not clearly erroneous.

We affirm.

/s/ Karen M. Fort Hood
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell