# Order

Michigan Supreme Court
Lansing, Michigan

March 29, 2019

158836

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

*In re* BULLEY/MAY, Minors.

SC: 158836
COA: 342837
Wayne CC Family Div:
  17-000561-NA

_____/

On order of the Court, the application for leave to appeal the November 20, 2018 judgment of the Court of Appeals is considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment pertaining to respondent-mother, and we REMAND this case to that court for further consideration.

On remand, while retaining jurisdiction, the Court of Appeals shall remand this case to the Wayne Circuit Court Family Division for that court to reconsider its November 6, 2017 order finding jurisdiction and its February 7, 2018 order terminating respondent-mother's parental rights to JMM and AIDB. The circuit court shall be directed to specifically address: (1) whether there is sufficient evidence that respondent-mother either engaged in the abuse of PES or failed to protect PES from the abuse, resulting in a reasonable likelihood that JMM and AIDB would suffer harm, injury, or abuse in the foreseeable future if placed in respondent-mother's home, taking into consideration, among other evidence, whether respondent-mother was attentive to PES's medical needs by taking PES to five doctor appointments during the approximate five-week period PES was in her care; the significance of evidence that medical professionals did not observe signs of physical abuse on PES during the child's medical appointments; testimony that respondent-mother was not told by PES's father that he twice dropped PES; and whether respondent-mother knew the cause of the non-accidental trauma inflicted on PES and attempted to conceal it, see *In re Ellis*, 294 Mich App 30, 32-36 (2011), and (2) whether termination is in JMM's and AIDB's best interests, taking into consideration, among other evidence, the lack of evidence of domestic violence, abuse, or CPS involvement with respect to JMM and AIDB; the children's bond to respondent-mother; evidence of suitable housing, income, and family support; respondent-mother's visitation with JMM and AIDB; respondent-mother's January 15,

2019 divorce from PES's father; and whether respondent-mother would benefit from a case service plan. The circuit court may, in its discretion, receive proofs or hold an evidentiary hearing. The circuit court shall be directed to forward to the Court of Appeals a written opinion addressing the above issues within 42 days of the Court of Appeals remand order. The Court of Appeals is DIRECTED to expedite its consideration and resolution of this case.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 29, 2019



Clerk

t0326