*In re* ELLIS

Docket Nos. 301884 and 301887. Submitted June 8, 2011, at Detroit. Decided August 25, 2011, at 9:05 a.m.

The Department of Human Services petitioned the Wayne Circuit Court, Family Division, to terminate the parental rights of the mother and father of A. Ellis. The court, Frank S. Szymanski, J., entered an order terminating their parental rights pursuant to MCL 712A.19b(3)(b)(*i*) (parent abused child), (b)(*ii*) (parent failed to prevent abuse), (j) (child likely to be harmed if returned to parent), and (k)(*iii*) (battery, torture, or other serious abuse). Respondents appealed, contending that the court erred because it was impossible to determine which parent physically abused the child.

The Court of Appeals *held*:

To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met by clear and convincing evidence. Only one statutory ground need be established, even if the court erred by finding sufficient evidence under other statutory grounds. Under MCL 712A.19b(5), if a statutory ground for termination is established and the court finds that termination of parental rights is in the child's interests, the court must order termination of the respondent's parental rights and order that additional efforts for reunification of the child with the parent not be made. The trial court did not clearly err by terminating respondents' parental rights to the child under MCL 712A.19b(3)(b)(*i*) and (*ii*), (j), and (k)(*iii*) because he suffered numerous severe nonaccidental injuries highly indicative of child abuse that most likely occurred over an extended period of time and the parents lived together, shared childcare responsibilities, and were the child's sole caregivers. Definitive evidence regarding the actual abuser's identity was not necessary to terminate parental rights under the grounds for termination alleged because the evidence demonstrated that at least one of the respondents must have caused the child's injuries and at least one of them failed to prevent them and it did not matter which did which.

Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — GROUNDS FOR
    TERMINATION — IDENTITY OF CHILD ABUSER UNKNOWN.

  Termination of parental rights under MCL 712A.19b(3)(b)(*i*), (b)(*ii*),
  (j), and (k)(*iii*) is permissible in the absence of definitive evidence
  regarding the identity of the perpetrator of child abuse when the
  evidence demonstrates that the respondent parent or parents
  must have either caused or failed to prevent the child's injuries.

*Bill Schuette*, Attorney General, *John J. Bursch*,
Solicitor General, *Richard A. Bandstra*, Chief Legal
Counsel, and *Stephanie Achenbach*, Assistant Attorney
General, for the Department of Human Services.

  *Helm, Miller & Miller* (by *Beth Anne Miller*) for A.
Jones.

  *Susan K. Rock* for T. Ellis.

  Before: FORT HOOD, P.J., and DONOFRIO and RONAYNE
KRAUSE, JJ.

  PER CURIAM. In these consolidated appeals, respondents appeal as of right the trial court's order terminating their parental rights to A. Ellis. We affirm.

  Respondents are the child's parents. When A. Ellis was less than two months of age, Children's Protective Services (CPS) received a complaint that the child had been brought to the hospital with, to understate the situation, injuries from physical abuse. In fact, skull x-rays and skeletal surveys revealed that the child had swelling and multiple skull fractures on the upper-rear right side of his head. He had internal bleeding inside the skull, over the coating of the brain, in the area of the fractures as well as on the left side of his head. In the area of the fractures, he had reduced blood supply to his brain. A. Ellis had 13 broken bones, including 7 partially healed fractures to his posterior ribs, with 3

breaks on his right side and 4 on his left. He also had fractures to bones in an arm and in his legs.

Neither respondent was able to provide an explanation for these severe injuries, and they agreed that they were A. Ellis's only caretakers. They explained that the child had been particularly fussy and crying more than usual. A physician qualified as an expert in child abuse and neglect, however, was able to explain the injuries. The rib fractures had resulted from physical abuse and very forceful squeezing of his rib cage, especially the posterior injuries. The fractures to A. Ellis's arm and leg bones were in the metaphysis portion of the bones,[1] which was significant because fractures in that area are highly indicative of child abuse and typically occur when babies are shaken very forcefully. Finally, none of the child's injuries appeared to be accidental, related to any genetic problems, or the result of a difficult childbirth. Injuries caused by, say, being dropped or hitting his head against a faucet would have looked different. The physician expert concluded that A. Ellis had suffered "abuse head trauma and physical abuse."

To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence. *In re Trejo Minors*, 462 Mich 341, 355; 612 NW2d 407 (2000). Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds. *In re Powers Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000). If a statutory ground for termination is established and the trial court finds "that termination of parental rights is

---

[1] The metaphysis is a transitional section of long bones between the long tubular shaft (the diaphysis) and the expanded ends (the epiphyses).

in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

This Court reviews the trial court's findings under the clearly-erroneous standard. MCR 3.977(K); *Trejo*, 462 Mich at 356-357. A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made. *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). To be clearly erroneous, a decision must be more than maybe or probably wrong. *In re Sours Minors*, 459 Mich 624, 633; 593 NW2d 520 (1999). Further, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. MCR 2.613(C); MCR 3.902(A); *Miller*, 433 Mich at 337.

Respondents' parental rights were terminated pursuant to MCL 712A.19b(3)(b)(*i*) (parent abused child), (b)(*ii*) (parent failed to prevent abuse), (j) (child would likely be harmed if returned to the parent), and (k)(*iii*) (abuse included battery, torture, or other serious abuse). Respondents argue that the trial court erred by terminating their rights. We disagree.

The most significant and interesting argument respondents raise is that it is impossible to determine which of them committed this heinous abuse of the minor child. That would be an extremely relevant, and possibly dispositive, concern in a criminal proceeding against either or both of them, but it is irrelevant in a termination proceeding. When there is severe injury to an infant, it does not matter whether respondents committed the abuse at all, because under these circumstances there was clear and convincing evidence that they did not provide proper care. *In re Edwards*, un-

published opinion per curiam of the Court of Appeals, issued February 21, 2006 (Docket No. 264477), p 3. While *Edwards* is unpublished and therefore not binding, MCR 7.215(C)(1), we find its reasoning sound and persuasive. See *People v Jamison*, 292 Mich App 440, 445; 807 NW2d 427 (2011).

This Court has reached similar conclusions in other unpublished opinions with similar facts. We find those cases persuasive as well.

In *In re Armstrong*, unpublished opinion per curiam of the Court of Appeals, issued August 15, 2006 (Docket No. 266856), a three-month-old child was treated for multiple nonaccidental fractures. They were determined to be the result of abuse, but because the child had several caregivers, it was not possible to determine the actual perpetrator. This Court nevertheless found that termination of the respondents' parental rights was appropriate, reasoning that the multitude of injuries over an extended period showed that the parents could have prevented the abuse but failed to do so and that the child would likely be injured again if returned to the care of either. In *In re Rangel*, unpublished opinion per curiam of the Court of Appeals, issued August 10, 2006 (Docket No. 268172), the parents were the sole caretakers of a 20-month-old child who suffered severe, nonaccidental wounds. This Court affirmed the order terminating the mother's parental rights, concluding that at least one of them must have caused the injuries and that their joint denial of knowledge of the source of the injuries showed a reasonable likelihood that the child would suffer further injury in the mother's care. In *In re Turner*, unpublished opinion per curiam of the Court of Appeals, issued January 20, 2009 (Docket No. 286133), p 2, this Court reasoned that because the respondents were the sole caregivers of a

nonaccidentally injured child, the trial court had "little choice but to conclude that one or both parents abused [the child] and that the other parent failed to protect him."[2]

As noted, we find the reasoning in these cases persuasive and applicable here. The trial court's decision to terminate respondents' parental rights was supported by the law and by the facts apparent from the record. Respondents lived together in a small apartment. Both testified that they were the only two individuals who took care of the child. The child suffered numerous nonaccidental injuries, and the explanations provided were inconsistent with the extent and nature of the child's injuries. The injuries were numerous, highly indicative of child abuse, using a very high force of impact, and inconsistent with any sort of accident. The fact that many of them were in various stages of healing showed that A. Ellis had suffered multiple instances of abuse over a prolonged time. The physician testified that while the child may not have been crying constantly, he would have shown signs of distress at least periodically through lack of appetite, sleeping more, and increased fussiness. Respondents could not offer any plausible alternative explanation for A. Ellis's injuries. We conclude that the trial court properly determined that at least one of them had perpetrated the abuse and at least one of them had failed to prevent it; consequently, it did not matter which did which.

We hold that termination of parental rights under MCL 712A.19b(3)(b)(*i*), (b)(*ii*), (j), and (k)(*iii*) is permissible even in the absence of definitive evidence regarding the identity of the perpetrator when the evidence

---

[2] Although published before this case, in *In re VanDalen*, 293 Mich App 120; 809 NW2d 412 (2011), this panel arrived at the same conclusion as a basis for terminating parental rights under MCL 712A.19b(3)(g) and (j).

does show that the respondent or respondents must have either caused or failed to prevent the child's injuries. The evidence in this case clearly shows that A. Ellis suffered numerous nonaccidental injuries that likely occurred on more than one occasion and that the parents lived together, shared childcare responsibilities, and were the child's sole caregivers. The trial court did not clearly err by finding that the statutory grounds for termination of respondents' parental rights were established by clear and convincing evidence and that termination of respondents' parental rights was in the child's best interests.

Affirmed.

FORT HOOD, P.J., and DONOFRIO and RONAYNE KRAUSE, JJ., concurred.