# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* R. R. HOWARD-LONCAR, Minor.

UNPUBLISHED
May 3, 2016

No. 329360
Huron Circuit Court
Family Division
LC No. 14-004379-NA

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Respondent-mother appeals as of right an order terminating her parental rights to her daughter under MCL 712A.19b(3)(c) (conditions that led to adjudication continue to exist); MCL 712A.19b(3)(g) (failure to provide proper care and custody); MCL 712A.19b(3)(j) (reasonable likelihood of harm) and MCL 712A.19b(3)(m) (parent's rights to another child were voluntarily terminated). For the reasons set forth in this opinion, we affirm.

## I. STATUTORY GROUNDS

Respondent-mother asserts that the trial court terminated her parental rights without having sufficient evidence to support the grounds for termination. We disagree.

In order to terminate parental rights, the trial court must determine that at least one of the statutory grounds for termination has been met by clear and convincing evidence. *In re Terry*, 240 Mich App 14, 21-22; 610 NW2d 563 (2000). The trial court's decision that a ground for termination has been proved is reviewed for clear error. *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* at 296-297.

Respondent-mother does not specify which of the four grounds for termination she challenges, but the crux of her argument addresses MCL 712A.19b(3)(g) and (j).[1] However,

---

[1] Section 19b(3) provides as follows:

The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

-1-

because respondent-mother does not challenge the trial court's findings regarding §§ 19b(3)(c) and (m), no error requiring reversal is shown. See *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011) ("Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds.").

## II. THE BEST INTERESTS

Respondent-mother also alleges that the trial court failed to take into consideration the best interests of the child. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012), citing MCL 712A.19b(5).[2] When considering whether termination of parental rights is in the child's best interests, the trial court may consider "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id.* at 41-42 (citations omitted).

While trial courts are not required during a termination of parental rights proceeding to make findings with regard to the best-interest factors set forth in the Child Custody Act, MCL 722.21 *et seq.*, "it is entirely appropriate for a probate court to consider many of the concerns underlying those best interests factors in deciding whether to terminate parental rights." *In re JS & SM*, 231 Mich App 92, 102; 585 NW2d 326 (1998), overruled on other grounds by *In re Trejo*, 462 Mich 341, 353-354; 612 NW2d 407 (2000). Trial courts may "refer directly to pertinent best interests factors in the Child Custody Act" when determining whether termination of parental rights is in a child's best interest. *Id.* at 103.

---

\* \* \*

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

---

[2] MCL 712A.19b(5) provides: "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made."

Contrary to respondent-mother's argument, although the trial court did not explicitly state that termination was in the child's best interests, it did address the child's best interests and did make a determination as to the factors it listed:

> And [respondent-mother], I am . . . so sorry, to do this but . . . all the record here indicates that with the Uniform Child Custody Act, if there was a competing petition between you and the father and it would have to do with ability to have a home, contact with the church, stability in the community, a drug free community . . . , the ability to provide healthcare, all of these kinds of things including the extended family that is fair and appropriate. I don't find those present here, and I think that your child deserves to have that and what happens with this, and I will follow it through, is I'm going to enter an order terminating your parental rights . . . .

The factors that the trial court listed are clearly drawn from the best interest factors listed in the Child Custody Act. See MCL 722.23. The trial court also explicitly stated that the listed factors were not "present," i.e., that the abilities and positive circumstances described in those factors were lacking in the case at hand. "Brief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1). Implicit in the trial court's discussion is the conclusion that the child's bests interests would be served by terminating respondent-mother's parental rights.

Further, the trial court did not err in finding that the best interests of the child would be served by terminating respondent-mother's parental rights. There was no evidence that respondent-mother would be successful at curbing her long-standing substance abuse. She had continued to test positive for drugs throughout the pendency of these proceedings. Her goals to obtain her own housing, vehicle, and employment were aspirational; it was unclear when or how she could achieve them. Nor is it likely in the face of her poor record with both attending to services and benefiting from them. The questionable ability to provide medical care was especially pertinent given the child's medical needs.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly