# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* M. C. SURLINE, Minor.

UNPUBLISHED
June 23, 2016

No. 330080
St. Clair Circuit Court
Family Division
LC No. 14-000150-NA

Before: MURPHY, P.J., and SAAD and BORRELLO, JJ.

PER CURIAM.

Respondent father appeals as of right from an order terminating his parental rights to the minor child pursuant to MCL 712.19b(3)(c)(*i*), (g), and (j). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In June 2014, the trial court authorized a petition seeking court jurisdiction over the minor child and his five siblings, who had other fathers. According to the petition, the mother had a Children's Protective Services (CPS) history dating back to 2008 involving physical neglect of her children, improper supervision, substance abuse, and domestic violence. Respondent father had had little contact with his son, having seen the child only three times since moving out of St. Clair County in 2009. An amended petition further alleged that respondent was $4,600 behind on his child support obligations. Respondent denied the allegations and the matter was set for trial. In the meantime, the minor child was placed in foster care.[1]

Respondent failed to appear at the August 13, 2014 trial, resulting in a default against him. The trial court took testimony from the mother and assumed jurisdiction over the minor child.[2] The trial court ordered respondent to comply with a treatment plan that required him to maintain a sufficient legal source of income and suitable housing, refrain from drug use, and provide verification of same. Respondent was also to complete psychological and/or psychiatric

---

[1] The siblings of the other minor child who shared the same mother were placed with their respective fathers.

[2] The mother previously admitted the allegations and consented to court jurisdiction over the minor child and his siblings. Additionally, we note that the mother did not file an appeal.

evaluations, engage in counseling and a life skills and/or parent mentor program, maintain regular contact with his worker, and cooperate with referrals. The foster care worker was to coordinate respondent's parenting time.

The trial court conducted review hearings from the fall of 2014 through spring of 2015 and entered orders that directed respondent to comply with the above components of his treatment plan. During this time frame, respondent told various case workers that he would not participate in services or visit his child. In May 2015, respondent was incarcerated on a drug charge.

At the August 2015 combined review/permanency planning hearing, the trial court granted the case worker permission to file a petition to terminate respondent's parental rights and suspended his parenting time, and as a result, a termination petition was submitted to the trial court on August 7, 2015. The petition alleged that respondent was incarcerated in the Monroe County jail for a drug offense, with a projected release date of January 2016, and recited respondent's lack of compliance with his treatment plan.

The termination hearing began on September 2015. The Referee received testimony and found that legally sufficient grounds to terminate respondent's parental rights existed. In so concluding the Referee found, in relevant part:

> The evidence provided at trial was clear and convincing that the conditions that led to the original adjudication continue to exist and there is no likelihood that the conditions can be rectified within a reasonable time considering the children's ages. Neither the respondent mother nor respondent father has been able to obtain and maintain housing or employment. [Mother]has spent a substantial period of time during the temporary wardship in jail, and [Respondent] is currently in jail until January, 2016. It is also clear and convicting that neither parent has been able to provide proper care or custody for their child or children. The evidence is clear and convincing that neither parent has substantially complied with the dispositional orders entered in the temporary wardship. Therefore, the court finds that there is clear and convincing evidence that the grounds for termination of the parental rights of respondent mother, [] and respondent father, [], have been established pursuant to MCL 712A.19b(3)(c)(i), (g) and (j).

In finding that termination of respondent's parental rights was in the minor child's best interests, the court mentioned respondent's criminality, history of substance abuse, and lack of a relationship and bond with his child. Thereafter, the trial court adopted the above findings and entered its order that terminated respondent's parental rights. This appeal then ensued.

## II. ANALYSIS

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met by clear and convincing evidence. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). The trial court's decision is reviewed for clear error. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). A finding

of fact is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

Termination was based on MCL 712A.19b(3)(c)(*i*), (g), and (j), which permit termination of parental rights under the following circumstances:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> * * *

> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

> * * *

> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Respondent initially claims that reversal is required because DHHS failed to make reasonable efforts to provide him with services. Generally, reasonable reunification efforts must be made to reunite the parent and child unless certain aggravating circumstances exist. *Mason*, 486 Mich at 152; *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012); MCL 712A.19a(2). However, while DHHS has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered. *Frey*, 297 Mich App at 248.

Here, two case workers testified about the efforts they made toward reunification. Respondent was difficult to contact initially and then informed workers he would not participate in services or visit his child. He never participated in any services although referrals were made in his home county to accommodate his reluctance to return to St. Clair County due to his outstanding warrant. Though offered visits with his child, he never visited his child during the pendency of this case. The record shows that reasonable efforts at reunification were attempted, but that respondent rejected those efforts. The fact that there was no detailed testimony about what specific referrals were made in no way indicates a lack of reasonable efforts. Given these circumstances, respondent's claim is completely without merit.

Moreover, we reject respondent's claim that reversal is required because some of the court's findings were not supported by the evidence. The trial court did not clearly err in its findings that respondent failed to maintain housing and had substance abuse issues, given his incarceration for months on a drug offense. Although the court misstated the evidence on whether the St. Clair County worker personally made a referral, this was a minor point not critical to the court's decision regarding the statutory grounds.

Finally, respondent argues that the trial court clearly erred in finding that MCL 712A.19b(3)(c)(*i*), (g), and (j) had been established. More than a year passed between the initial disposition order and termination of respondent's parental rights. The condition that led to the court taking jurisdiction was respondent's lack of involvement with his child. Respondent continued to refuse visits with his son during the pendency of this case and refused to engage in services necessary for reunification. Further, respondent's involvement with drugs resulted in his incarceration and inability to care for the child. The evidence established respondent's continued and long-standing disinterest in his child, involvement in drugs leading to incarceration, and refusal to engage in services necessary for reunification with his child. The trial court could properly consider respondent's failure to comply with his treatment plan as an indication that the neglect that had been shown would continue. See *In re Miller*, 182 Mich App 70, 83; 451 NW2d 576 (1990). All of these circumstances justified the trial court's decision to terminate respondent's parental rights. Accordingly we assign no error to, but instead affirm the trial court's findings of fact and conclusions of law.

Affirmed.

/s/ William B. Murphy
/s/ Henry William Saad
/s/ Stephen L. Borrello