*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. M. SAUNDERS, Minor.

UNPUBLISHED
June 16, 2022

No. 359106
Wayne Circuit Court
Family Division
LC No. 2016-523236-NA

Before: BOONSTRA, P.J., and GADOLA and HOOD, JJ.

PER CURIAM.

Respondent-mother (respondent) appeals as of right the trial court's order terminating her parental rights to her minor child, MMS, under MCL 712A.19b(3)(a)(*ii*) (parent has deserted the child for 91 or more days), (b)(*i*) (parent's act caused injury or abuse), (i) (parental rights to one or more siblings of the child have been terminated), and (j) (risk of harm if child is returned to parent).[1] We affirm.

## I. FACTS

Child protective proceedings were previously initiated against respondent in 2016 regarding her two older children after one of the children tested positive at birth for cocaine. Respondent was ordered to address her drug addiction and was offered a case service plan with drug rehabilitation services. She failed to participate in the case service plan, and her parental rights to the two older children were terminated in March 2018.

In 2021, MMS tested positive at birth for cocaine, amphetamines, methamphetamine, and methadone, and respondent tested positive for opioids and cocaine. Respondent admitted that she used cocaine and heroin during the pregnancy and also after MMS's birth. MMS suffered severe withdrawal symptoms including seizures, necessitating over five weeks in the hospital and

---

[1] The trial court's order also terminated the parental rights of the child's father. The reference in the order of termination under MCL 712A.19b(3)(b)(*ii*) (parent failed to prevent injury or abuse) appears to apply to respondent-father.

-1-

treatment with morphine. Hospital records indicate that respondent visited MMS only once during the child's hospitalization.

Petitioner, Department of Health and Human Services, initiated this action by filing a petition with the trial court seeking permanent custody of the child. The trial court entered an order removing the child from respondent's care. Upon her release from the hospital, the child was placed in foster care. Respondent was offered services, including substance abuse screens and counseling, but respondent did not participate. Despite the agency's efforts to facilitate visitation by providing bus tickets and gas reimbursement, respondent did not visit MMS and made no provisions for MMS's care. After attending the preliminary hearing, respondent did not attend any other hearings before the trial court. Respondent did not maintain contact with the petitioner. The trial court thereafter terminated respondent's parental rights to MMS. Respondent now appeals.

## II. DISCUSSION

### A. STATUTORY BASIS

Respondent contends that the trial court clearly erred by determining that clear and convincing evidence demonstrated a statutory basis for termination of her parental rights. We disagree.

We review for clear error the trial court's decision that a statutory basis to terminate parental rights has been proven by clear and convincing evidence, as well as the trial court's factual findings. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). The trial court's decision to terminate parental rights is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). This Court will not conclude that a finding by the trial court is clearly erroneous unless it is more than possibly or probably incorrect. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). Further, regard is given to the special opportunity of the trial court to judge the credibility of the witnesses who appear before it. MCR 2.613(C); *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

To terminate parental rights, the trial court must find that at least one basis for termination under MCL 712A.19b(3) has been proven by clear and convincing evidence. *In re Keillor*, 325 Mich App at 85. In this case, the trial court found clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (b)(*i*), (i), and (j), which provide:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> (a) The child has been deserted under either of the following circumstances:
>
> * * *
>
> (*ii*) The child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period.

* * *

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

(*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

* * *

(i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights.

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Regarding MCL 712A.19b(3)(a)(*ii*), desertion, the evidence demonstrated that over 91 days elapsed without respondent seeking custody of the child or having contact with the child. The record indicates that respondent initially told DHHS workers that she did not want to plan for the child and preferred that MMS be adopted by a relative. Shortly before her parental rights to MMS were terminated, she expressed interest in possibly planning for the child, but took no steps toward that goal. Respondent failed to visit the child, failed to attend hearings before the trial court, and did not maintain contact with petitioner. We conclude that the trial court did not clearly err by finding clear and convincing evidence to support termination under MCL 712A.19b(3)(a)(*ii*).

Regarding MCL 712A.19b(3)(b)(*i*), parent's act caused physical injury, the evidence demonstrated that MMS tested positive at birth for cocaine, amphetamines, methamphetamine, and methadone. The child experienced severe withdrawal symptoms, including seizures, necessitating five weeks in the hospital and medication with morphine. Respondent admitted using those drugs during her pregnancy, thus causing harm to the child. Respondent demonstrated both in her prior termination case and during the present case that she would not comply with a treatment plan or make any effort to address her drug addiction, supporting the finding that there is a reasonable likelihood that the child would suffer injury or abuse in the foreseeable future if placed in respondent's care. See *In re Kaczkowski*, 325 Mich App 69, 77; 924 NW2d 1 (2018) (a parent's failure to comply with and benefit from the service plan is evidence that the parent will not be able to provide a child with proper care and custody and that the child may be harmed if returned to the parent's home). We conclude that the trial court did not clearly err by finding clear and convincing evidence to support termination under MCL 712A.19b(3)(b)(*i*).

Regarding MCL 712A.19b(3)(i), parental rights to a sibling of the child have been terminated due to serious and chronic neglect or physical abuse, clear and convincing evidence supports termination of respondent's parental rights under this subsection. A review of the record demonstrates that respondent's parental rights previously were terminated to two of MMS's

siblings because of respondent's substance abuse, which resulted in one of the siblings testing positive at birth for illegal substances. Respondent previously failed to comply with the case service plan regarding her older children and she similarly failed to take any steps to address her substance abuse in this case, thereby failing to rectify the condition that led to the prior termination.

Regarding MCL 712A.19b(3)(j), reasonable likelihood of harm to the child if returned to the parent's home, clear and convincing evidence supports termination of respondent's parental rights under this subsection. Again, respondent rejected all efforts to assist her with drug rehabilitation, demonstrating that the child would be at risk of harm if placed in her care. See *In re Kaczkowski*, 325 Mich App at 77. We conclude that the trial court did not clearly err by finding that clear and convincing evidence demonstrated one or more statutory bases for termination of respondent's parental rights.

## B. BEST INTERESTS

Respondent contends that the trial court clearly erred by finding that termination of her parental rights was in MMS's best interests. We disagree.

Once a statutory ground for termination has been demonstrated, the trial court is required to terminate the parent's parental rights if a preponderance of the evidence establishes that termination is in the best interests of the child. MCL 712A.19b(5); *In re Medina*, 317 Mich App 219, 237; 894 NW2d 653 (2016). We review for clear error the trial court's decision regarding a child's best interests. *Id*. at 226.

When determining whether the termination of a parent's rights is in the best interests of the child, the trial court should weigh all the available evidence, and consider a variety of factors including the parent-child bond, the parenting ability of the parent, the child's need for permanency, stability, and finality, the advantages of a foster home over the parent's home, the parent's compliance with the case service plan, the parent's visitation history with the child, the child's well-being in the foster home, and the possibility of adoption. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The trial court also should consider the child's safety and well-being, including the risk of harm to the child if returned to the parent's care. See *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011).

In this case, MMS tested positive at birth for illegal substances as a result of respondent's use of those substances during pregnancy. Respondent's substance abuse resulted in the termination of her parental rights to her two older children in 2018. Respondent continued to use illegal substances after MMS's birth, failed to visit MMS despite efforts by petitioner to facilitate visitation, failed to attend the trial court hearings, and failed to maintain contact with petitioner. We conclude that a preponderance of the evidence supported the trial court's decision that termination of respondent's parental rights was in MMS's best interests. MCL 712A.19b(5).

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Noah P. Hood

-4-