*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re D. E. BENTLEY, JR., Minor.

UNPUBLISHED
July 14, 2022

No. 359642
Saginaw Circuit Court
Family Division
LC No. 19-035881-NA

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

Respondent-father appeals as of right the order terminating his parental rights to the minor child, DEB, under MCL 712A.19b(3)(a)(*ii*) (parent has deserted child for more than 91 days), (c)(*i*) (conditions of adjudication continue to exist), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm if returned to parent). We affirm.

## I. FACTUAL BACKGROUND

In August 2019, the Department of Health and Human Services (DHHS) removed DEB from his mother's care. At the time, respondent was not involved in DEB's life. DEB's mother represented that respondent was then providing some child support but had not seen DEB since the previous winter. When DEB was removed from the mother's care, per the mother's request given respondent's lack of participation in DEB's life, DEB was placed in foster care. Eventually, respondent reached out to DHHS and indicated that he was willing to participate in services.

Respondent's participation in services, however, was at best uneven. Although respondent initially completed parenting classes and engaged in supervised visitation, respondent habitually left 30 minutes early from his one-hour visits with DEB. When he was there, he minimally engaged with DEB and workers often wondered if he was drunk based upon his behavior. Additionally, respondent's last parenting-time visit was in May 2021. Thereafter, respondent failed to appear for visits for the next five months and discontinued the use of services. By the end of this time period, DEB no longer asked about respondent and was not excited at the prospect of seeing him. Caseworkers testified that respondent and DEB had a poor bond that further deteriorated over time. During that same five-month time period, respondent failed to complete services and failed to appear at a hearing. Respondent had difficulty obtaining housing and he refused aid in obtaining Section 8 housing assistance. He acknowledged using marijuana, but also

tested positive for cocaine several times. Once, through his counsel, he hypothesized that he tested positive for cocaine because his marijuana was laced with it. At another point, he directly acknowledged using cocaine a month before the termination hearing. Respondent attended a psychological evaluation and was recommended for counseling. But he failed to complete that counseling and claimed on multiple occasions that he felt he did not need treatment.

At the termination hearing, respondent attributed his five-month absence to a variety of factors, including the death of his long-time girlfriend and several emergency-room visits due to food poisoning and an alleged assault. Respondent, however, was not in the emergency room at the time his visits with DEB were scheduled.

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (g), and (j). With regard to MCL 712A.19b(3)(a)(*ii*), the referee found that respondent had disappeared for several months. The referee acknowledged the death of respondent's girlfriend, but emphasized that the continual excuses for why respondent could not be involved in the child's life lacked merit. Regarding MCL 712A.19b(3)(c)(*i*), the referee found that more than 182 days had elapsed since the initial dispositional order and that the conditions that led to adjudication continued to exist with no reasonable likelihood that they would be rectified within a reasonable time. Although respondent had purportedly secured housing shortly before the termination hearing, he did not provide DHHS sufficient time to review the housing. Respondent also failed to engage in individual counseling or parenting time. The referee found that MCL 712A.19b(3)(g) was satisfied on the basis of respondent's belief that the monthly child support amount of $200 was enough to properly care for DEB. The referee acknowledged that respondent receives some income, but not enough to furnish the financial means to care for DEB or provide proper care or custody. Finally, regarding MCL 712A.19b(3)(j), the referee explained that respondent continued to use cocaine, which presented a reasonable likelihood that DEB would be harmed if placed in respondent's care. Respondent also failed to demonstrate adequate parenting skills during parenting time.

With respect to DEB's best interests, the referee noted that DEB was attending school and doing well in his foster home. In contrast, DEB did not do well during a brief return to his mother's care during the pendency of this case. The referee found that DEB needed stability and permanency. Therefore, termination of respondent's parental rights and adoption were in DEB's best interests. The trial court adopted the referee's findings and terminated respondent's parental rights. The trial court also terminated the parental rights of DEB's mother. Respondent now appeals.

## II. GROUNDS FOR TERMINATION

On appeal, respondent argues that the trial court erred by finding, by clear and convincing evidence, that MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (g), and (j) provided statutory grounds to terminate his parental rights. We disagree. "To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). This Court will reverse the trial court's decision, even if the evidence supports the trial court's findings, if this

Court is "definitely and firmly convinced" that the trial court made a mistake. *Id.* "In reviewing the circuit court's decision, we also must give due regard to the trial court's special opportunity to observe the witnesses." *In re Dearmon*, 303 Mich App 684, 700; 847 NW2d 514 (2014) (quotation marks and citation omitted).

Under MCL 712A.19b(3)(a)(*ii*), termination is appropriate if the trial court finds, by clear and convincing evidence, that "[t]he child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period." Respondent argues that the trial court erred when it found that this statutory ground had been met because it "did not assign any weight to the many reasons why" he was unable to attend parenting-time visits scheduled during the summer of 2021. Respondent's argument lacks merit.

We acknowledge that respondent attributes his absence to his girlfriend's death and the fact that he was in the emergency room five times during August and September 2021. However, respondent's girlfriend died in mid-June 2021, and respondent represented that he became sick with food poisoning about a month later. He did not attempt to contact DHHS or visit DEB in the meantime. And when respondent eventually contacted DHHS in late July 2021, he continued to miss visits with DEB. Respondent acknowledged that he told a DHHS caseworker he was never admitted to the hospital on the occasions he missed parenting time. Respondent also never contacted DHHS to reschedule the visits (or other services) around his emergency-room visits. Respondent discontinued all DHHS services in May 2021, including drug testing, individual counseling, and any other services.

Respondent had myriad reasons for not getting in touch with DHHS and DEB. The referee acknowledged and considered these reasons, but concluded they were insufficient to show that respondent had not deserted DEB. Whether respondent intentionally deserted DEB was a credibility contest, and we will defer to the trial court's credibility determination on this question. See *Dearmon*, 303 Mich App at 700. Respondent showed that he knew how to reach the caseworker when he contacted DHHS to resume visits in July 2021. His claim that he did not know the identity of his caseworker lacked merit. For these reasons, the trial court did not clearly err when it concluded, by clear and convincing evidence, that MCL 712A.19b(3)(a)(*ii*) provided a statutory ground for termination.

Only one statutory ground was required to terminate respondent's parental rights. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009). Nevertheless, we agree with the trial court that additional statutory grounds existed to terminate respondent's parental rights. Under MCL 712A.19b(3)(c)(*i*), termination is appropriate when 182 or more days have elapsed since the initial dispositional order, and the trial court finds, by clear and convincing evidence, that "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Here, well over 182 days had elapsed between the entry of the initial dispositional order in October 2019 and the date when the trial court ordered termination of respondent's parental rights in November 2021. At the beginning of the case, respondent was without adequate housing, experiencing issues with substance abuse, refusing treatment for his mental health, and lacking parenting skills. These conditions persisted throughout the case.

Although respondent had apparently obtained a two-bedroom apartment prior to the termination hearing, he had not obtained the housing in time for DHHS to determine whether it was adequate. As the referee explained, respondent's ability to obtain housing came too late. Respondent had not been attending drug screens. When he did attend drug screens, he regularly tested positive for marijuana and cocaine. Respondent even acknowledged that he had used cocaine a month before the termination hearing. Respondent attended a substance-abuse program, but did not attend individual counseling. By the time of the termination trial, respondent had deserted DEB for approximately five months. Respondent testified that he missed parenting-time visits because he was in the hospital, but he later acknowledged to the caseworker that he was never admitted to the hospital on the occasions he missed parenting time. When he actually attended visits, respondent continued to exhibit improper parenting behavior. He was not engaged and would regularly leave early. In other words, respondent had not rectified the conditions leading to adjudication—namely, his problems with housing, substance abuse, mental health, and parenting skills. There was no reasonable likelihood that the conditions would be rectified within a reasonable time considering DEB's young age. Even before his girlfriend's death and his hospitalization, respondent had nearly two years to participate in services and address the conditions leading to adjudication. He made virtually no progress with regard to his parenting skills, mental health, or substance-abuse issues. Accordingly, the trial court appropriately terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*).

For similar reasons, the trial court did not clearly err when it concluded that MCL 712A.19b(3)(g) provided a statutory ground for termination. MCL 712A.19b(3)(g) provides for termination when "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." A parent's failure to participate and benefit from the service plan is evidence that the parent will not be able to provide proper care and custody and that the child will be harmed if returned to the parent. *White*, 303 Mich App at 710-711. During the termination hearing, the referee considered whether respondent had the financial means to care for DEB. He concluded that respondent had the financial ability to provide proper care and custody but did not do so. The record supports the referee's finding. The trial court, therefore, did not clearly err by concluding that MCL 712A.19b(3)(g) provided a statutory ground for termination.

Finally, MCL 712A.19b(3)(j) provides that termination is appropriate when "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." At the time of the termination hearing, respondent had not visited DEB in five months. He failed to obtain housing for nearly two years, and he did not provide DHHS with sufficient notice to examine his new apartment. Respondent continued to test positive for cocaine, and then he failed to appear for drug testing. He acknowledged that he had consumed cocaine a month before the termination hearing. He also completed only 7 of 16 drug-counseling sessions. Finally, when he did appear for visitation, respondent habitually left early and failed to engage with DEB. Respondent failed to demonstrate the parenting skills he learned in his parenting classes. Under the circumstances, the trial court did not clearly err when it found that there was a reasonable likelihood that DEB would be harmed if returned to respondent. In sum, the trial court did not clearly err when it determined that statutory

grounds existed under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (g), and (j) to terminate respondent's parental rights.

### III. BEST INTERESTS OF THE CHILD

Respondent next argues that the trial court clearly erred by concluding, by a preponderance of the evidence, that termination was in DEB's best interests. Again, we disagree. As with the statutory grounds for termination, we review the finding that termination is in the children's best interests for clear error. *White*, 303 Mich App at 713. Once a trial court has concluded that DHHS has established a statutory ground for termination by clear and convincing evidence, it then must determine, by a preponderance of the evidence, whether termination is in the best interests of the minor children. *Id.* A trial court weighs a variety of factors, including " 'the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.' " *Id.*, quoting *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *White*, 303 Mich App at 714. A trial court must consider the best interests of each child individually. *Olive/Metts*, 297 Mich App at 42.

Respondent relies upon *Olive/Metts* to support his argument that the trial court failed to adequately consider DEB's best interests as it related to respondent. He contends that when the referee ruled that termination was in DEB's best interests, the ruling only pertained to DEB's mother. Respondent also argues that the referee failed to consider DEB's best interests separate from the best interests of DEB's brother.[1] In *Olive/Metts*, this Court concluded that the trial court must decide the best interests of each child individually. *Id.* In most cases, however, it will be in the best interests of each child to remain together. *Id.* This Court clarified that a trial court need only consider the differences in the best interests of the children if they *significantly differ*. *White*, 303 Mich App at 715. In other words, *Olive/Metts* "does not stand for the proposition that the trial court errs if it fails to explicitly make individual and—in many cases—redundant factual findings concerning each child's best interests." *Id.* at 716.

We agree with DHHS and the lawyer-guardian ad litem that, when the referee's decision is read as a whole, the referee's findings of fact support the best-interest determination. The referee rendered a detailed ruling on the record providing the factual and legal bases for termination of respondent's parental rights. These findings were specific to DEB and respondent. The referee also explained that termination was in DEB's best interests because it would provide him with permanency and stability. The trial court then concluded, in its written order, that termination of respondent's parental rights was in DEB's best interests.

---

[1] DEB's mother had another child, KTP, who was also at issue in the termination proceedings. The court terminated the mother's parental rights to DEB and KTP. However, respondent is not KTP's father.

With regard to respondent's visitation history, the referee explained that respondent initially attended visits with DEB but routinely left early. As for respondent's parenting ability, the referee noted that respondent did not engage with DEB during the visits and exhibited inappropriate behavior. To be sure, respondent testified he was hospitalized on five occasions in the summer of 2021. But he admitted that the emergency-room trips did not coincide with his scheduled visits with DEB. And, again, he missed all visits from May to October 2021. The referee also discussed respondent's failure to comply with his case service plan. Respondent refused to participate in individual counseling. He initially refused to engage in drug testing. Respondent's housing was an issue throughout the case, and he never verified with DHHS that he obtained adequate housing. Eventually, respondent simply stopped contacting DHHS and ceased contact with DEB.

There was also record testimony that respondent was not aware of DEB's year in school, nor did he have any knowledge of DEB's current placement. DEB was doing well in his foster-care placement. He was attending school and was well-behaved. DEB no longer got excited to see respondent and did not ask about him. In fact, DEB seemed more excited to see his caseworker than respondent. Finally, as the referee noted, DHHS explored placing the children with relatives, but no viable relative placements were found. Accordingly, it was not clearly erroneous to find that termination of respondent's parental rights was in DEB's best interests.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates

-6-