*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. L. TYUS, Minor.

UNPUBLISHED
August 18, 2022

No. 359836
Kent Circuit Court
Family Division
LC No. 20-051981-NA

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Respondent appeals as of right the order of the trial court terminating her parental rights to her minor child, MLT, under MCL 712A.19b(3)(a)(*ii*) (desertion), (c)(*i*) (conditions that led to adjudication continue to exist), (g) (failure to provide proper care or custody), and (j) (likelihood child will be harmed if returned to parent). We affirm.

## I. FACTS

In December 2020, MLT was removed from respondent's care after respondent left three-day-old MLT with two homeless individuals, one or both of whom were intoxicated, for about an hour while she sought housing at a shelter. Petitioner, the Department of Health and Human Services, sought to remove MLT from respondent's care based on respondent's lack of housing, improper care of MLT, history of domestic violence, extensive involvement with children's protective services (CPS) in Indiana, substance use, lack of employment, and lack of cooperation with CPS and police. At the preliminary examination, respondent did not contest the factual allegations of the petition, and the trial court removed MLT from respondent's care.

Thereafter, respondent admitted the allegations of the petition, including that she has a criminal record, that she has four children who live in Indiana with their father and with whom she has limited contact, that she has a history of homelessness, substance abuse, domestic violence and mental health needs, and that she was unable to provide proper care and custody for MLT. The trial court then assumed jurisdiction of MLT.

Petitioner and respondent entered into a parent-agency treatment plan in which the barriers to reunification of respondent and MLT were identified as respondent's mental health and lack of emotional stability, past domestic violence, lack of parenting skills, substance abuse, lack of

housing, and lack of employment. Petitioner thereafter provided respondent with numerous services aimed at eliminating the barriers to reunification, but respondent failed to participate in the services.

With regard to respondent's mental health and emotional stability, petitioner scheduled respondent for a psychological evaluation and counseling with a therapist. Respondent, however, instead traveled to Indiana where she stayed from late February 2021 through mid-July 2021. As a result, she was discharged from therapy for failure to attend. Respondent eventually returned to Michigan and participated in a psychological evaluation, the results of which indicated that respondent had an adjustment disorder with anxiety. Respondent also reported taking a strong tranquilizer and anti-psychotic medication as a sleep aid. The foster care case worker testified that respondent failed to demonstrate emotional stability or to overcome the mental health barrier to reunification, nor had she addressed past domestic violence. Also during her absence from Michigan, respondent failed to participate in drug screening and therefore failed to address the barrier of substance abuse.

While absent from Michigan, respondent failed to visit with the child for approximately six months. The foster care case worker testified that during this time, respondent did not inquire about the child and never expressed regret about not visiting with the child. The foster care case worker testified that when respondent returned to Michigan and resumed visits with the child, there appeared to be no bond between respondent and the child. To address respondent's lack of parenting skills, petitioner referred respondent to a parent mentor program, to a maternal infant mental health program, and also to parenting classes, but respondent failed to attend. The foster care case worker testified that as a result, respondent did not progress in her parenting skills.

During the approximately one year that the child was in care, respondent appeared to have been employed at various jobs and appeared to have again found employment shortly before the termination hearing. Respondent did not obtain housing in the year preceding the termination hearing, however, and at the time of the termination hearing, respondent was in jail as the result of a probation violation.

A termination hearing was held approximately one year after MLT was removed from respondent's care. The trial court found that termination of respondent's parental rights was warranted under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (g), and (j). The trial court also found that termination of respondent's parental rights was in the best interests of the child under MCL 712A.19b(5). Respondent now appeals.

## II. DISCUSSION

## A. STATUTORY BASIS

Respondent contends that the trial court erred by finding that clear and convincing evidence supported terminating her parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (g), and (j). We conclude that the record supports a statutory basis for termination of respondent's parental rights.

To terminate parental rights, the trial court must find that at least one basis for termination under MCL 712A.19b(3) has been proven by clear and convincing evidence. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). Only one statutory basis for termination under MCL

712A.19b(3) need be established by clear and convincing evidence to warrant termination of parental rights. *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). We review for clear error the trial court's decision that at least one statutory basis to terminate parental rights was proven by clear and convincing evidence, as well as the trial court's factual findings. *In re Keillor*, 325 Mich App at 85. The trial court's decision to terminate parental rights is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). We will not conclude that a finding by the trial court is clearly erroneous unless it is more than possibly or probably incorrect. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

In this case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (g), and (j). Under MCL 712A.19b(3)(c)(*i*), a trial court may terminate a respondent's parental rights if clear and convincing evidence demonstrates that the conditions that led to adjudication continue to exist with no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age. That section provides:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
>> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age. [MCL 712A.19b(3)(c)(*i*).]

Termination of parental rights under subsection (c)(*i*) is warranted when "the totality of the evidence amply supports" the finding that the parent has not achieved "any meaningful change" in the conditions that led to the trial court assuming jurisdiction of the child. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009).

In this case, the conditions that led to adjudication included respondent's lack of emotional stability, lack of adequate housing, lack of employment, improper care of MLT, domestic violence, substance use, and respondent's lack of cooperation with CPS and police. At the termination hearing, the trial court found that these conditions continued to exist. Petitioner established that respondent still lacked housing and had obtained employment just days before the hearing. She failed to participate in drug screening, mental health services, therapy, or parenting education. She visited the child only sporadically. As a result, the conditions that led to adjudication largely continued to exist at the time of the termination hearing.

We conclude that the trial court did not clearly err in finding that termination was proper under MCL 712A.19b(3)(c)(*i*). The totality of the evidence amply supports that respondent did not meaningfully change the conditions that existed at the time of adjudication. Respondent had opportunities to rectify the conditions that led to MLT's removal and was offered a variety of

services to assist her in rectifying those conditions, but failed to do so. The trial court therefore did not clearly err by finding that clear and convincing evidence established that the conditions that led to adjudication continued to exist and there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the child's age. A statutory basis for termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*) thus was demonstrated by clear and convincing evidence.

## B. BEST INTERESTS

Respondent also contends that the trial court clearly erred by finding that a preponderance of the evidence demonstrated that termination or her parental rights was in the child's best interests. We disagree.

Once a statutory ground for termination has been demonstrated, the trial court is required to terminate the parent's parental rights if a preponderance of the evidence establishes that termination is in the best interests of the child. MCL 712A.19b(5); *In re Medina*, 317 Mich App 219, 237; 894 NW2d 653 (2016). We review for clear error the trial court's finding that termination of a parent's parental rights is in the child's best interests. *In re Atchley*, ___ Mich App___, ___; ___ NW2d ___ (2022) (Docket Nos. 358502; 358503); slip op at 5.

When determining whether termination is in the child's best interests, the trial court should weigh all evidence available to it, *id*., considering a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of the foster home over the parent's home, the length of time the child was in care, the likelihood that the child could be returned to the parent's home in the foreseeable future, and the parent's compliance with the case service plan. See *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63-64; 874 NW2d 205 (2015). The trial court also should consider the child's safety and well-being, including the risk of harm to the child if returned to the parent's care. See *In re VanDalen*, 293 Mich App 120, 141-142; 809 NW2d 412 (2011).

In this case, the trial court considered appropriate factors, observing that the child was almost one year old and respondent had chosen to have very little contact with the child. Respondent failed to participate in parenting time with the child, resulting in a lack of bond between respondent and the child. The trial court also considered that respondent did not comply with the parent-agency treatment plan, that MLT was thriving in foster care, the possibility that MLT would be adopted, MLT's need for permanence, and the length of time that the child would be required to wait for respondent to demonstrate that she could provide a home, and found that the evidence demonstrated that termination was in the child's best interests. Because this finding is amply supported by the record, the trial court did not clearly err by determining that termination was in the child's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly