*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SERVELLO-WEST/SERVELLO, Minors.

UNPUBLISHED
October 27, 2025
9:39 AM

No. 375443
Oakland Circuit Court
Family Division
LC No. 19-876251-NA

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Respondent[1] appeals the order terminating her parental rights to her minor children under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (g) (failure to provide care and custody), and (j) (reasonable likelihood of harm if children are returned to parent). We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

In December 2022, petitioner, the Michigan Department of Health and Human Services (DHHS), filed a petition alleging that respondent failed to properly care for, and supervise, her children. DHHS also alleged that respondent had untreated mental-health and substance-abuse issues and failed to participate in voluntary services. After a preliminary hearing, the children were taken into care, and the trial court authorized the petition. Respondent's parenting time was suspended until she submitted two substance-free screens.

After a bench trial, the trial court exercised jurisdiction and ordered that reasonable efforts toward reunification be made. Respondent was ordered to comply with, and benefit from, a case-service plan, which required her to: (1) submit to psychological and substance abuse assessments; (2) participate in, and benefit from, individual therapy; (3) submit to random drug screenings; (4) complete parenting education; (5) obtain and maintain a legal source of income and suitable

---

[1] The children's father are not parties to this appeal; thus, we will only refer to the children's mother as respondent.

-1-

housing; (6) maintain contact with caseworkers; (7) attend parenting times; and (8) sign all necessary releases of information. Respondent failed to comply with her case-service plan for several months, and, when she did begin complying, her progress was limited. She changed housing multiple times throughout the proceedings, often failed to keep in contact or cooperate with her caseworkers, did not provide proof of income, and stopped attending parenting-time visits, which ultimately resulted in her being discharged from her parent-partner services and having her parenting time suspended. DHHS eventually sought termination of respondent's parental rights, which the trial court granted. This appeal followed.

## II. REASONABLE EFFORTS

Respondent argues that DHHS failed to make reasonable efforts to reunify her with her children. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Because respondent did not challenge the adequacy of the services provided during the lower court proceedings, this issue is unpreserved. See *In re Atchley*, 341 Mich App 332, 336-338; 990 NW2d 685 (2022). Because this issue is unpreserved, our review is for plain error affecting substantial rights. *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020). "To avoid forfeiture under the plain-error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (quotation marks and citations omitted). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings[,]" *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008), and reversal is only warranted when the plain error "seriously affect[ed] the fairness, integrity[,] or public reputation of judicial proceedings[.]" *Id*. (quotation marks and citations omitted, first alteration in *Utrera*).

### B. ANALYSIS

In support of her argument that DHHS failed to make reasonable efforts, respondent first alleges that it is "unclear" what, "if any," services DHHS provided to assist her with housing, employment, or transportation, but does not actually allege no services were offered or explain how, if they were, the offered services were deficient. "An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [she] give issues cursory treatment with little or no citation of supporting authority." *In re Conservatorship of Brody*, 321 Mich App 332, 346-347; 909 NW2d 849 (2017). Thus, any arguments relating to the sufficiency of these services are abandoned. See *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 517; 892 NW2d 467 (2016).

In further support of her reasonable-efforts argument, respondent contends that DHHS failed to locate, or pay for, her substance abuse treatment. However, the record reflects that respondent was referred to substance-abuse treatment, but failed to uphold her "commensurate responsibility" to engage in and benefit from it. *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). Respondent's contention that DHHS should have found, and paid for, treatments that

-2-

did not require Medicaid because she failed to apply for it until late in the proceedings also lacks merit. DHHS is required to make reasonable efforts—not limitless or excessive ones. See, e.g., *In re JL*, 483 Mich 300, 322 n 15; 770 NW2d 853 (2009) (contrasting reasonable efforts with active efforts required in cases under the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq.*, and noting that "[r]easonable efforts might be the worker making a referral for services and attempts to engage the family in services," while active efforts may require more involvement.) Additionally, the record shows that DHHS made numerous attempts to work with respondent to help her apply for Medicaid so that she could pursue more services, but respondent nonetheless failed to do so. Accordingly, the trial court did not err in finding that DHHS provided reasonable efforts toward reunification.[2]

## III. STATUTORY GROUNDS

Respondent also argues that the trial court clearly erred by finding statutory grounds to terminate her parental rights. We disagree.

## A. STANDARD OF REVIEW

"We review for clear error the trial court's finding that there are statutory grounds for termination of a respondent's parental rights." *In re Atchley*, 341 Mich App at 343. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Miller*, 347 Mich App 420, 425; 15 NW3d 287 (2023) (quotation marks and citation omitted).

## B. ANALYSIS

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Pederson*, 331 Mich App at 472 (quotation marks and citation omitted). "Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights[.]" *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

Termination is appropriate under MCL 712A.19b(3)(c)(*i*) when 182 days of more have passed since the initial disposition, *id.*, and the "totality of the evidence" supports a finding that the respondent-parent did not "accomplish[] any meaningful change in the conditions" that led to the adjudication. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009). The trial court must also find that "there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." MCL 712A.19b(3)(c)(*i*). There is no dispute that, when respondent's parental rights were terminated, more than 182 days had passed since the initial disposition. As for respondent's progress, the children were removed from her care because of

---

[2] Because DHHS did make reasonable efforts to prevent termination, we need not address respondent's arguments that the lack of reasonable efforts violated her substantive due-process rights and deprived the trial court of subject-matter jurisdiction.

improper care and supervision, substance abuse, and untreated mental health issues. Respondent was referred to numerous services throughout the lengthy lower court proceedings to address these issues, but failed to timely participate in, or benefit from, them. As a result, respondent failed to address her mental health and substance abuse issues. When DHHS ultimately petitioned for termination of her parental rights, respondent had missed 59 of the 69 substance screenings she was offered. Seven of the tests respondent did complete were positive for illegal substances. After DHHS petitioned for termination, respondent submitted to two additional drug screenings; one of which was positive for cocaine. Respondent did not begin individual therapy, or substance abuse treatment, until after DHHS petitioned to terminate her parental rights.

Respondent also failed to address her issues with parenting skills. She was never granted unsupervised parenting time, and there was a nine-month delay between when the children entered care and when respondent was allowed to participate in supervised parenting time because she failed to produce two negative substance screens. Respondent only participated in 20 of the offered 48 parenting-time visits, and did not always display appropriate behavior during the visits she did attend. Respondent then stopped attending parenting time visits altogether, despite being offered transportation, resulting in her supportive parenting services being terminated and her parenting time being suspended. Respondent's parenting time was never reinstated, and, at the time her rights were terminated, respondent had not seen the children for 11 months. Respondent also still lacked stable housing. By the time respondent's parental rights were terminated, the children, who were then 10, 6, and 4 years old, had been in care for more than two years, and respondent's failure to rectify any of her barriers within that time demonstrates that there was no reasonable likelihood that she would rectify them in a reasonable time moving forward given the children's ages. Thus, the trial court did not err by terminating her parental rights.[3]

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[3] Because termination was proper under MCL 712A.19b(3)(c)(*i*), we need not address the additional grounds on which the trial court relied to terminate respondent's parental rights. See *In re Ellis*, 294 Mich App at 32.