*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re WARD/CORNWELL, Minors.

UNPUBLISHED
November 22, 2022

No. 360813
St. Clair Circuit Court
Family Division
LC No. 21-000050-NA

Before: GLEICHER, C.J., and SERVITTO and YATES, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to her minor children, LW and CC. On appeal, respondent asserts that the trial court clearly erred in terminating her parental rights because the court improperly took jurisdiction over the children following an erroneously entered no-contest plea. Furthermore, respondent contends that the trial court erred in its application of MCL 712A.19b(3)(c)(*i*), (g), and (j) when it terminated her parental rights based on insufficient evidence and ultimately failed to consider the children's best interests. We affirm.

## I. FACTUAL BACKGROUND

The Department of Health and Human Services (DHHS) became involved with this family in June 2020 after receiving reports about abuse of methamphetamines in the home. After mother tested positive for methamphetamines, Children's Protective Services began offering services.

Respondent-mother completed a substance-abuse assessment in September 2020, but she failed to complete the recommended services to address her addiction and alleviate her barriers to reunification. Ultimately, respondent tested positive again in November 2020 and in March 2021. DHHS then filed a petition requesting the court to take temporary jurisdiction of the minor children under MCL 7.12A.2(b)(1) and (2) and enter an order removing them from respondent's care. The petition alleged the children faced a risk of harm when in respondent's care because of reported domestic violence in the home, because the home lacked heat due to nonpayment of bills, because LW had truancy issues that resulted from respondent's lack of involvement in his education, and because respondent had been recently arrested and taken into custody, which left the children without proper custody and care. The trial court authorized the petition and removed the children

-1-

from respondent's care. CC ultimately was able to remain with her father, and LW was placed in the care of his grandparents.[1]

During a pretrial hearing, in order to avoid any further criminal repercussions, respondent hesitantly acknowledged that the court could proceed. The trial court advised respondent that it would be asserting jurisdiction over her children and that respondent would be forfeiting some of her protected rights, i.e., the right to trial. The trial court accepted respondent's no-contest plea, took jurisdiction over the children, and entered a dispositional order requiring that respondent comply with a parenting plan.

Respondent initially participated in her case-service plan. She completed parenting classes and some counseling, but she failed to make sufficient progress over time, as her behaviors during parenting-time visits showed a lack of benefit from these services. Furthermore, apart from initial disclosures at the outset of the case, respondent subsequently failed to verify the suitability of her housing arrangements and income status, while similarly failing to provide the documentation to continue reunification efforts. Respondent missed a majority of her drug screens and continued to test positive for methamphetamines when she did comply with testing obligations. Respondent's general communication throughout the case was also lacking—DHHS had to independently track her outside legal matters and constantly-changing phone numbers. Foster-care workers were able to conduct an initial home visit in June 2021, but they could not coordinate with respondent for subsequent visits. DHHS learned that respondent's utilities were shut off (again) in October 2021. After a series of dispositional-review hearings, DHHS filed a supplemental petition recommending termination of respondent's parental rights on the basis of her continued lack of progress.

A termination hearing was held, and the trial court concluded that there was clear and convincing evidence to support termination under MCL 712A.19b(3)(c)(*i*), (g), and (j), and that termination was in the children's best interests. The trial court thus entered an order terminating respondent's parental rights to LW and CC. This appeal followed.

## II. JURISDICTION

Respondent argues that the trial court erred when it exercised jurisdiction over LW and CC because she never formally tendered a no-contest plea. We disagree. This Court reviews the trial court's exercise of jurisdiction "for clear error in light of the court's finding of fact." *In re Kellogg*, 331 Mich App 249, 253; 952 NW2d 544 (2020) (citation omitted). "Whether child protective proceedings complied with a parent's right to due process presents a question of constitutional law, which [this Court] review[s] de novo." *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019). When challenging the dispositional ruling after termination, respondent "must establish that (1) error occurred; (2) the error was 'plain,' i.e, clear or obvious; and (3) the plain error affected [her] substantial rights." *Id*. at 29.

---

[1] When the petition was filed, LW's father was incarcerated and was named a respondent in the initial petition along with respondent-mother, but LW's father achieved reunification. Therefore, respondent-mother is identified simply as "respondent" in this opinion.

Respondent acknowledges that the referee informed her of the rights she would waive as well as the other effects of entering a no-contest plea, but respondent insists that she never actually tendered any plea. Respondent cites *In re Mallett*, unpublished per curiam opinion of the Court of Appeals, issued June 17, 2021 (Docket No. 354733),[2] for the claim that the trial court improperly asserted jurisdiction over her children after failing to take a valid plea from respondent or proof of the petition's allegations at a trial. According to respondent, the plea process deemed defective in *Mallett* was similar to the one here, particularly given the lack of any definitive plea on the record, the lack of any explicit acknowledgment from respondent that she understood the consequences of entering a plea, the virtual nature of the plea proceeding, and respondent's mental-health issues. Respondent acknowledges, however, that this Court in *Mallett* never mentioned any failure of the respondent there to tender a plea, ruling instead that the plea was not knowingly, understandingly, and voluntarily made.

We conclude that *Mallett* has no application here. Although *Mallett* is admittedly similar because of the respondent's failure to independently and explicitly state on the record an intention to enter a no-contest plea, our decision in *Mallett* did not identify that specific omission as a basis for its conclusion. Instead, the disposition in that case was predicated upon other facts not present here. See *Mallett*, unpub op at 7. In this case, before accepting the plea, the referee made it known that if the respondent were to enter a no-contest plea, the trial court would assume jurisdiction over the children. Respondent expressed some hesitancy when specifically asked about admitting the petition's allegations as a factual basis for her plea, but the referee made sure at that point to clarify respondent's options to either enter a plea or have the matter set for a trial, as well as the separate consequences of each option. And after respondent discussed the matter with her counsel during a brief recess, the referee made sure to explicitly confirm that respondent was "[r]eady to proceed," had no additional questions, and understood what the referee "was saying about using the petition as a factual basis to accept [the] plea[.]" Beyond that, although respondent is correct that she never explicitly stated her desire to plead no contest, the record nevertheless supports such an intention. Indeed, the record details the referee's substantial and sufficient efforts to ensure respondent's plea was knowingly, understandingly, and intelligently made. As a result, we find no plain error in the trial court's exercise of jurisdiction over the children.

III. STATUTORY GROUNDS FOR TERMINATION

Respondent next contends that the trial court erred by finding that petitioner presented clear and convincing evidence that MCL 712A.19b(3)(c)(*i*), (g), and (j) furnished statutory grounds to terminate her parental rights. These provisions state as follows:

> The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *

---

[2] "[U]npublished opinions of this Court are not binding precedent," but "may . . . be considered instructive or persuasive." *In re Kanjia*, 308 Mich App 660, 668 n 6; 866 NW2d 862 (2014).

-3-

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). This Court will reverse a trial court's decision, even if the evidence supports the trial court's findings, when this Court is "definitely and firmly convinced" the trial court made a mistake. *Id.* "In reviewing the circuit court's decision, we also must give due regard to the trial court's special opportunity to observe the witnesses." *In re Dearmon*, 303 Mich App 684, 700; 847 NW2d 514 (2014) (quotation marks and citation omitted). If we determine that the trial court did not clearly err as to the existence of one ground for termination, we need not address any additional grounds. *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009). Here, we conclude that the trial court did not clearly err in relying upon MCL 712A.19b(3)(c)(*i*) as a basis for terminating respondent's parental rights.

Under MCL 712A.19b(3)(c)(*i*), termination is appropriate if 182 or more days have elapsed since the initial dispositional order, and the trial court finds, by clear and convincing evidence, that "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." In this case, more than 182 days had elapsed between the entry of the initial dispositional order in May 2021 and the date when the trial court ordered termination of respondent's parental rights in March 2022. At the outset of this case, respondent could not provide adequate housing for her children and she had substance-abuse issues. The trial court found that respondent failed to verify a legal source of income or any suitable housing by the time of termination, leaving petitioner unable to evaluate respondent's progress in alleviating these barriers. The trial court also noted respondent's withdrawal from initial counseling and her subsequent failure to provide disclosures to petitioner. The trial court highlighted the significance of respondent's continued drug use. Specifically—and

even assuming that respondent's positive results for amphetamines could be disregarded because of her purported, but not consistently verified, Adderall prescription—respondent tested positive for methamphetamines seven different times after being ordered to comply with the parenting plan. Therefore, based on respondent's drug use and failure to comply with the parenting plan, the trial court concluded that the conditions leading to adjudication continued to exist with no reasonable likelihood of change in the foreseeable future given the children's ages and respondent's conduct throughout the case. In light of all of these circumstances, the trial court did not clearly err when it terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*). That single ground was sufficient to support termination. See *HRC*, 286 Mich App at 461.

## IV. BEST INTERESTS OF THE CHILDREN

Respondent next argues that the trial court clearly erred when it found by a preponderance of the evidence that termination was in the children's best interests. Again, we disagree. As with the statutory grounds for termination, we review the finding that termination is in the children's best interests for clear error. *White*, 303 Mich App at 713. Once a trial court has concluded that petitioner has established a statutory ground for termination by clear and convincing evidence, the trial court then must determine, by a preponderance of the evidence, whether termination is in the best interests of the children. *Id.* A trial court must weigh a collection of factors, including " 'the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.' " *Id.* "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *White*, 303 Mich App at 714. The trial court must consider "the best interests of each child individually." *In re Olive/Metts*, 297 Mich App 35, 42; 823 NW2d 144 (2012).

Respondent did not engage with LW during parenting visits, even after the visitations were modified to be with one child at a time in order to address the issue. We acknowledge respondent's argument that LW is older and requires less attention, but we make no judgment with regard to the validity of that argument. As to CC, although the trial court noted a strong bond between CC and respondent, the trial court found that termination was nevertheless warranted because of several other factors, including respondent's failure to comply with drug testing and to finish counseling. Additionally, both children had shown vast improvements in school after they were removed from respondent's care. Accordingly, the trial court recognized that the children's need for permanence and stability favored termination. Consequently, the trial court did not clearly err when it found that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Christopher P. Yates