*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S. L. WARD-BEY, Minor.

UNPUBLISHED
February 16, 2023

No. 362227
Wayne Circuit Court
Family Division
LC No. 2020-001059-NA

Before: GADOLA, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor child, SW, under MCL 712A.19b(3)(c)(*i*), (3)(c)(*ii*), (g), and (j). We affirm.

## I. FACTS

SW tested positive at birth for cocaine, morphine,[1] methadone, and hydromorphone. He thereafter suffered severe withdrawal symptoms and remained hospitalized for two months in the hospital's neonatal intensive care unit. Respondent admitted that during the pregnancy she used heroine and also used methadone as a treatment for her addiction. SW was removed from respondent's custody by the trial court one month after his birth while he was still hospitalized. The trial court assumed jurisdiction over the child in January 2021. At that time, respondent lacked a verified source of income and stable housing, and respondent was unable to identify the child's father.

The trial court also entered an initial dispositional order in January 2021, ordering respondent to participate in parenting classes, individual therapy with a substance abuse component, weekly random drug screens, the parent partner program, and a psychological evaluation. She also was directed by petitioner, the Department of Health and Human Services (DHHS), to demonstrate proof of adequate housing and a legal source of income, and to participate in parenting time with the child.

---

[1] The record indicates that hospital personnel gave morphine to respondent during delivery.

Respondent thereafter failed to participate in most of the services offered by petitioner to assist her in regaining custody of the child, and failed to benefit from the services in which she participated. Respondent completed a parenting class, a psychological evaluation, and a psychiatric evaluation. However, she did not appear to benefit from her parenting class; she did not consistently exhibit appropriate skills during parenting time, missed 36 of the 54 offered parenting times with SW, and failed to establish a bond with the child. Respondent participated in only one drug screen, refused to participate in additional drug screens, and did not complete the offered substance abuse therapy. Although respondent consistently claimed that she was attending inpatient therapy, she failed to provide proof of her participation. Shortly before the termination hearing, respondent participated in a "rapid detox" program, but failed to make further progress in overcoming her substance addiction. Respondent also failed to demonstrate that she had obtained suitable housing or to provide proof of a legal source of income.

In March 2022, petitioner sought termination of respondent's parental rights, asserting that respondent had failed to participate in and benefit from her court-ordered services, including failing to participate in substance abuse treatment and drug screens, failing to obtain suitable housing and a legal source of income, failure to maintain contact with the foster care worker, and failure to participate regularly in parenting time with the child. The trial court held a hearing on the termination petition in April and May 2022, at the conclusion of which the trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). Respondent now appeals.

## II. DISCUSSION

### A. STATUTORY BASIS

Respondent contends that the trial court clearly erred by finding a statutory basis warranting termination of her parental rights to SW. We disagree.

To terminate parental rights, the trial court must find that at least one basis for termination under MCL 712A.19b(3) has been proven by clear and convincing evidence. *In re Sanborn*, 337 Mich App 252, 272; 976 NW2d 44 (2021). Although termination may be warranted under more than one statutory basis, only one statutory basis under MCL 712A.19b(3) must be established by clear and convincing evidence to warrant termination of parental rights. *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). In this case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (*ii*), (g), and (j). That statute provides, in relevant part:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

(*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent. [MCL 712A.19b(3)(c)(*i*), (*ii*), (g), and (j).]

We review for clear error the trial court's decision that a statutory basis to terminate parental rights was proven by clear and convincing evidence, as well as the trial court's factual findings. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). The trial court's decision to terminate parental rights is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). We will not conclude that a finding by the trial court is clearly erroneous unless it is more than possibly or probably incorrect, *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011), and we afford the trial court's dispositional orders "considerable deference on appellate review." *In re Sanders*, 495 Mich 394, 406; 852 NW2d 524 (2014).

In this case, the record supports the trial court's finding under MCL 712A.19b(3)(c)(*i*) that more than 182 days had elapsed after the issuance of the first dispositional order, the conditions that led to the adjudication continued to exist, and there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the child's age. Termination of parental rights under subsection (c)(*i*) is warranted when "the totality of the evidence amply supports" the finding that the parent has not achieved "any meaningful change in the conditions" that led to the trial court assuming jurisdiction of the child. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009). Here, the conditions that led to adjudication were respondent's substance abuse, housing and income instability, and lack of parenting skills. The child was removed from respondent's care shortly after birth while still hospitalized as he underwent substance withdrawal. Respondent was offered numerous services to enable her to reunite with the child, but failed to participate in and benefit from the services. Although respondent completed

a parenting program, she did not consistently participate in parenting time with the child, did not consistently demonstrate parenting skills while with the child, and never established a bond with the child. Respondent did not participate in substance abuse treatment or drug screening, and as a result did not remove the barrier that her substance abuse posed to reunification. She also failed to demonstrate that she had obtained stable housing and a stable, adequate source of income.

Respondent argues that the trial court should have given her additional time to demonstrate compliance with the case service plan because she was making progress in her drug treatment and was participating in the service plan at the time her parental rights were terminated. Contrary to respondent's assertions, however, the record indicates that respondent made little progress in her service plan although services were offered to her for approximately 18 months. Despite knowing that sobriety was the primary factor necessary for reunification with SW, respondent repeatedly failed to demonstrate that she had complied with substance abuse treatment.

Respondent argues that DHHS should have referred her to inpatient substance abuse treatment, though it was not part of her agreed upon treatment plan and despite the fact she never requested inpatient services. To preserve a challenge to the adequacy of services provided by petitioner, respondent was required to object to the services before the trial court or to indicate to the trial court that the services provided were inadequate, typically when the initial case service plan was adopted by the trial court. See *In re Atchley*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 358502; 358503); slip op at 1-2. Here, respondent did not claim that the services provided to her were inadequate until after her parental rights were terminated, leaving that issued unpreserved for appeal. We review unpreserved issues in a case involving the termination of parental rights for plain error affecting substantial rights. *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018). An error affects substantial rights if it causes prejudice, meaning that it affected the outcome of the proceedings. *Id*.

Under Michigan's Probate Code, the DHHS is required to make reasonable efforts to reunify a family before seeking to terminate a parent's parental rights, which includes creating a service plan outlining the steps that both the DHHS and the parent will take to rectify the issues that led to court involvement and to achieve reunification. *In re Hicks*, 500 Mich 79, 85-86; 893 NW2d 637 (2017). However, although the DHHS has a responsibility to make reasonable efforts to provide services with the goal of reunification, the parent has a commensurate responsibility to participate in the offered services. *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). In addition, to demonstrate a lack of reasonable efforts by the DHHS, the parent must show that she would have fared better if the additional service had been offered. *In re Fried*, 266 Mich App 535, 543; 702 NW2d 192 (2005). In this case, respondent was offered numerous services including substance abuse treatment and drug screening, but respondent failed to participate in those offered services. Respondent has not demonstrated that the offer of additional substance abuse treatment services would have overcome her unwillingness to participate in those services.

Here, respondent's substance abuse was unresolved at the time of the termination. In addition, respondent failed to improve her parenting skills. Despite completing a parenting course, respondent has failed to establish a bond with SW, has failed to visit regularly with SW, and did not consistently exhibit the ability to parent the child during parenting time. Respondent's lack of commitment to improving her skills by spending time with SW lends additional support to the trial court's conclusion that respondent's parenting skills were not likely to be corrected within a

reasonable time. The trial court therefore did not clearly err by finding that the conditions that led to adjudication continued to exist and there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the child's age.

Similarly, the record supports the trial court's finding that termination of respondent's parental rights was warranted under MCL 712A.19b(3)(g) and (j). Termination of parental rights under subsection (g) requires a finding that although in the court's discretion respondent was financially able to do so, she failed to provide proper care or custody for the child and there is no reasonable expectation that she would be able to provide proper care and custody within a reasonable time considering the child's age. A parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide the child with proper care and custody, warranting termination under MCL 712A.19b(3)(g). *In re Kaczkowski*, 325 Mich App 69, 77; 924 NW2d 1 (2018). Likewise, a parent's failure to comply with a service plan is evidence that the child will be harmed if returned to the parent's home. *Id*. In this case, respondent was offered numerous services to enable her to reunite with the child, but failed to participate in and benefit from the services. Respondent did not consistently participate in parenting time with the child, did not consistently demonstrate parenting skills with the child, and never established a bond with the child. She failed to participate in substance abuse treatment or drug screening, and also failed to demonstrate that she had obtained stable housing or income. In addition, the trial court observed that although respondent was employed and was asked to bring supplies for SW during her visit, she provided no financial support, gifts, or necessities for SW while he was in foster care. The trial court therefore did not clearly err by finding that clear and convincing evidence supported termination under MCL 712A.19b(3)(g) and (j). Having found that termination was warranted under MCL 712A.19b(3)(c)(i), (g), and (j), we decline to review the remaining statutory basis the trial court relied upon in making its termination decision.

## B. BEST INTERESTS

Respondent contends that the trial court did not properly consider whether under MCL 712A.19b(5) terminating her parental rights was in SW's best interests, and erred in concluding that termination of her parental rights was in the child's best interest. We disagree.

Once a statutory basis for termination of parental rights has been demonstrated, the trial court is required to terminate the parent's parental rights if a preponderance of the evidence establishes that termination is in the best interests of the child. MCL 712A.19b(5); *In re Medina*, 317 Mich App 219, 236-237; 894 NW2d 653 (2016). When determining whether termination is in a child's best interests, the trial court should weigh all evidence available to it, considering a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of the foster home over the parent's home, the length of time the child was in care, the likelihood that the child could be returned to the parent's home in the foreseeable future, and the parent's compliance with the case service plan. See *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63-64; 874 NW2d 205 (2015). The trial court also should consider the child's safety and well-being, including the risk of harm to the child if returned to the parent's care. See *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011). We review for clear error the trial court's decision regarding a child's best interests. *In re Atchley*, ___ Mich App at ___; slip op at 5.

In this case, the trial court did not clearly err when it concluded that terminating respondent's parental rights was in the best interests of the child. SW started his life in the neonatal intensive care unit, then moved to foster care where he has developed a bond with his foster parent who is willing to adopt him. SW never residing with respondent and respondent did not develop a bond with him; she missed 36 of 54 scheduled parenting times and did not visit SW in the approximately four months leading up to the termination of her parental rights. Respondent failed to comply with her service plan, failed to bring supplies for SW when asked, and failed to provide proof of safe and stable housing. The trial court did not clearly err in determining that termination of respondent's parental rights was in SW's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Noah P. Hood