*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J.M. ROGERS, Minor.

UNPUBLISHED
September 21, 2023

No. 365238
St. Clair Circuit Court
Family Division
LC No. 21-000138-NA

Before: SHAPIRO, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating his parental rights to his minor child, JMR, under MCL 712A.19b(3)(b)[1], (g), (j), (k)(*ii*), and (m)(*i*). We affirm for the reasons stated in this opinion.

## I. BASIC FACTS

The underlying facts are set forth in respondent's prior appeal:

Respondent and his wife, the mother of the couple's four children, were married for over 24 years. When their divorce was finalized in 2020, the couple had two adult sons and two minor daughters, ETR and JMR. The minor daughters lived with their mother and initially visited with respondent. The minors did not

---

[1] It is unclear whether the court found grounds to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*) or (b)(*ii*). The court's written order cites to subdivision (b)(*ii*), but the court referenced subdivision (b)(*i*) when making its oral ruling following the dispositional hearing. We need not determine which subdivision the court intended to rely upon. As explained below, the trial court did not clearly err by finding that termination of respondent's parental rights was proper under subdivision (k)(*ii*). Accordingly, whether the court intended to make findings under (b)(*i*) or (b)(*ii*), termination is still proper. See *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011) ("Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds.").

have overnight visits with respondent purportedly because he did not have beds for them.

In 2021, ETR disclosed that she was sexually abused by respondent between 2016 and 2019. She alleged that respondent committed improper acts at the family dinner table and that she woke up to being violated by respondent. It was submitted that ETR had medical and emotional conditions that were exacerbated during the alleged period of abuse. Additionally, when ETR attended a school at which respondent was both a teacher and a coach, her symptoms increased to such an extent that she transferred to a different school. After ETR disclosed her abuse, her mother, now divorced from respondent, alleged that she was forced into a sexual act by respondent in the bathroom when ETR and JMR were on the other side of the door asking questions.

Respondent was interviewed by the police as a result of the allegations. He denied committing any sexual acts with ETR. But respondent did admit to forcing himself on his wife during their marriage. On August 31, 2021, felony charges were filed against respondent arising from the allegations raised by ETR and her mother, his now ex-wife.

On November 9, 2021, a third amended petition was filed seeking the termination of respondent's parental rights. [*In re Rogers Minors*, unpublished per curiam opinion of the Court of Appeal, issued November 3, 2022 (Docket No. 360160), p 1-2.]

In the third amended petition, petitioner requested the court take jurisdiction over ETR and JMR under MCL 712A.2(b)(1) and (2) and terminate respondent's parental rights.

In his prior appeal, respondent argued the trial court "violated his right to due process by relying solely upon his no contest plea at the adjudication phase to conclude that the statutory grounds for termination were proven by clear and convincing evidence." *In re Rogers*, unpub op at 3. This Court agreed and remanded "for further proceedings, including a dispositional hearing at which the trial court should allow the parties to present evidence relevant to the statutory grounds for termination and make findings regarding the existence of a statutory ground for termination on the basis of legally admissible evidence." *Id*. at 8. Because ETR had turned 18 years old, the proceedings on remand were limited to JMR only. *Id*.

Thereafter, the trial court held the dispositional hearing.[2] At the hearing, petitioner called licensed professional counselor, Charissa Isaacs. According to Isaacs, JMR "tends to repress and has a focus in eating disorders—disordered eating. She also is exhibiting significant people

---

[2] At the beginning of the hearing, petitioner explained that respondent had been convicted of one count of criminal sexual conduct with intent to penetrate under MCL 750.520g(1). As a result, petitioner asked the court to allow it to amend the petition so that the statutory grounds for termination considered would include MCL 712A.9(m)(i). The court granted petitioner's motion.

pleasing behaviors, even at her own expense." Further, because of respondent's abuse of her sister, JMR reported feeling "anxious" and "fearful," and stated she did not want respondent in her life. Respondent's ex-wife also testified that in October 2022, respondent was found guilty of one count of criminal sexual conduct with intent to penetrate.[3] Regarding JMR, respondent's ex-wife stated JMR was "very angry and hurt and afraid" because of the sexual abuse respondent inflicted upon her mother and sister. JMR did not want to continue a relationship with respondent.

Clinical and forensic psychologist, Dr. Michael Abramsky, testified on behalf of respondent. Dr. Abramsky conducted a psychological evaluation of respondent. He noted that respondent's children consistently expressed anger toward him and that his ex-wife reported respondent sexually abused her. However, he opined that despite those "red flags" respondent was not a risk to children because the children all denied seeing respondent abuse ETR or their mother and respondent's psychological evaluations appeared normal.

Respondent's co-worker and friend, David George, also testified on respondent's behalf. George stated respondent was a good parent and actively engaged in his children's lives. George never witnessed respondent exhibit any inappropriate behaviors toward ETR, JMR, or his students, but he admitted that he had no way of knowing whether respondent sexually abused ETR. He also acknowledged respondent was accused of inappropriately touching a student at school. Finally, respondent's mother testified, describing respondent and JMR's relationship as loving and affectionate before the accusations of sexual abuse arose. She never had any concerns about the children's safety or respondent's ability to provide for his family.

Following the hearing, the court found statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (m)(*i*), and that terminating respondent's parental rights was in JMR's best interests.

## II. STATUTORY GROUNDS

### A. STANDARD OF REVIEW

Respondent argues that the trial court erred by finding statutory grounds to terminate his parental rights. We review for clear error a trial court's finding "that a ground for termination has been proven by clear and convincing evidence. . . ." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012) (quotation marks and citations omitted). "A trial court's decision is clearly erroneous if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id.* at 41 (quotation marks, citation, and alteration omitted). "This Court gives deference to a trial court's special opportunity to judge the weight of the evidence and the credibility of the witnesses who appear before it." *In re TK*, 306 Mich App 698, 710; 859 NW2d 208 (2014).

---

[3] The judgment of conviction was admitted as an exhibit.

## B. ANALYSIS

At the initial adjudication and dispositional hearing, respondent-father "stipulated to the use of the [third amended] petition for the factual basis to support the assumption of jurisdiction." *In re Rogers*, unpub op at 2. As part of this stipulation, respondent affirmed he was not contesting the allegations contained in the third amended petition were true and could be used in a later proceeding. *Id*. Although this Court reversed the trial court's prior order terminating respondent's parental rights, it did not disturb the validity of his plea. *Id*. at 7. Therefore, the allegations in the third amended petition can be considered as evidence to support the current termination of respondent's parental rights. See *In re Mota*, 334 Mich App 300, 316; 964 NW2d 881 (2020).

To terminate parental rights under MCL 712A.19b(3)(k)(*ii*), there must be clear and convincing evidence the parent abused the child or sibling of the child, the abuse included "criminal sexual conduct involving penetration," and "there is a reasonable likelihood that the child will be harmed if returned to the care of the parent." The third amended petition states respondent "put his penis inside of [ETR's] vagina," and did so on several occasions between 2016, and 2019. At the dispositional hearing, respondent's ex-wife and Isaacs confirmed that in June 2021, ETR disclosed respondent sexually abused her during this time period. Based on that evidence, the court found respondent sexually abused ETR, that ETR was JMR's sibling, and that the abuse involved penetration. Given the sexual abuse, and its impact upon JMR, there is a reasonable likelihood that JMR would be harmed if returned to respondent's care. Further, although Dr. Abramsky concluded respondent was not a danger to JMR, the trial court did not credit that testimony. Because "[t]his Court gives deference to a trial court's special opportunity to judge the weight of the evidence and the credibility of the witnesses who appear before it," *In re TK*, 306 Mich App at 710, this finding will not be disturbed. Because there is clear and convincing evidence to find there were statutory grounds for termination under MCL 712A.19b(k)(*ii*), the trial court did not err in terminating respondent's parental rights.

## III. BEST INTERESTS

## A. STANDARD OF REVIEW

Respondent next argues that the trial court erred by finding that it was in JMR's best interests to terminate his parental rights to her. A trial court's best-interests finding is reviewed for clear error. *In re Olive/Metts*, 297 Mich App at 40.

## B. ANALYSIS

> [T]he focus at the best-interest stage has always been on the child, not the parent. In assessing whether termination of parental rights is in a child's best interests, the trial court should weigh all evidence available to it. Courts may consider such factors as the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. Other considerations include the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case

-4-

service plan. [*In re Payne/Pumphrey/Fortson Minors*, 311 Mich App 49, 63-64; 874 NW2d 205 (2015) (quotation marks and citations omitted).

"The trial court may also consider a parent's history of domestic violence . . ." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). Children's placement with relatives generally weighs against termination, and the trial court must address this factor when determining whether termination is in the children's best interests. *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010).

Respondent argues that termination was not in JMR's best interests because JMR was 15 years old and had a positive relationship with respondent before the sexual-abuse allegations. Moreover, respondent was only convicted of sexually assaulting his ex-wife; there is no conviction arising from the alleged abuse of ETR. The trial court, however, found that respondent sexually abused not only his ex-wife, but also his daughter. The abuse of respondent's ex-wife was, in fact, domestic violence. And, notwithstanding the prior positive bond between respondent and JMR, the trial court found that respondent's sexual abuse of JMR's mother and sister had destroyed the bond. JMR expressly stated that she did not want to have contact with respondent, and she reported feeling anxious and fearful. Additionally, the court considered that JMR was living with her mother, who appears able to provide the stability and permanency JMR needs. On this record, the trial court did not clearly err by finding that termination of respondent's parental rights was in JMR's best interests.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Thomas C. Cameron