*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re A. R. MALLETT, Minor.

UNPUBLISHED
November 30, 2023

No. 365496
Wayne Circuit Court
Family Division
LC No. 2018-000963-NA

Before: O'BRIEN, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to her youngest child, AM, under MCL 712A.19b(3)(g) and (j). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Petitioner, the Department of Health and Human Services, filed a petition seeking permanent custody of AM. Petitioner noted that respondent's older three children had been removed from respondent's care and placed into a guardianship because of respondent's mental health issues and her failure to comply with and benefit from reunification services. Thereafter, AM was born healthy, but he tested positive for tetrahydrocannabinol (THC). Respondent admitted to using marijuana while she was pregnant. Moreover, her mental health issues remained unresolved. Because she had previously been diagnosed with schizophrenia and was deemed a legally incapacitated person, respondent has a legal guardian. During the instant proceedings, respondent testified that she was feeling "mentally better" after she independently made the decision to stop taking her psychological medication. However, she admitted that she did not have a way to provide for AM because she was living in a facility that did not allow children and she did not have money left over to care for a child after paying for her own expenses.

The trial court authorized the petition and removed AM from respondent's care. Respondent was ordered to engage in mental health services, submit to a psychological evaluation, complete parenting classes, and participate in individual therapy. Respondent failed to engage in or complete her treatment plan. Subsequently, the trial court found by clear and convincing evidence that there were statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(g) and (j). The court also found by a preponderance of the evidence that termination of respondent's parental rights was in AM's best interests. This appeal follows.

-1-

## II. STATUTORY GROUNDS

### A. STANDARD OF REVIEW

Respondent first argues the trial court clearly erred by findings statutory grounds to terminate her parental rights under MCL 712A.19b(3)(g) and (j). "We review for clear error a trial court's finding of whether a statutory ground for termination has been proven by clear and convincing evidence. A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Richardson*, 329 Mich App 232, 251; 961 NW2d 499 (2019) (quotation marks and citation omitted).

### B. ANALYSIS

Parents have a "fundamental right to direct the care, custody, and control" of their children. *In re Ferranti*, 504 Mich 1, 21; 934 NW2d 610 (2019). "To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). Under MCL 712A.19b(3)(g), a court may terminate parental rights if it finds clear and convincing evidence that "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age."

The trial court found that, although respondent was financially able to provide for AM,[1] she nevertheless had failed to provide him with proper care and custody and there was no reasonable expectation that she would be able to do so within a reasonable time given AM's young age. That finding was not clearly erroneous. Respondent was given a treatment plan when her other three children were placed in guardianship arrangements in 2018. Under the plan, respondent was referred to parenting classes, supportive services to address her legal incapacity, individual counseling, and housing assistance. Further, she was required to contact her legal guardian, engage in mental health services, submit to an evaluation, and participate in individual therapy. Over five years, respondent failed to complete her treatment plan or to engage in the services she was offered. Respondent's lack of compliance and benefit from her treatment plan supported the trial court's decision to terminate her parental rights under MCL 712A.19b(3)(g). See *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014) ("A parent's failure to participate in and benefit from a service

---

[1] On appeal, respondent does not argue that that finding was clearly erroneous. Rather, she claims it was unclear whether she had the financial ability to provide for AM. But she also asserts that she may have been able to increase her social security payment and get a job. She then directs this Court to facts supporting an inference that she has (or would have within a reasonable time) the financial ability to provide proper care and custody for AM. Specifically, she notes that she receives monthly income from social security. And, she posits that she could earn additional income because she is "feeling better" and that benefits could be available to assist her in caring for AM.

plan is evidence that the parent will not be able to provide a child proper care and custody."). Moreover, a respondent's failure to address her mental health issues supports the court's findings under subdivision (g). See *In re Kaczkowski*, 325 Mich App 69, 78; 924 NW2d 1 (2018). Respondent did not comply with, or complete, the mental health services. She quit taking her medications because she thought she did not need them, despite being ordered to take them. Finally, respondent was residing in a facility that did not allow children, which meant that respondent was not in a housing situation where she could have provided proper care and custody for AM. Accordingly, the trial court did not clearly err by finding that termination was appropriate under MCL 712A.19b(3)(g).

Likewise, the court did not clearly err by finding that termination of respondent's parental rights was warranted under MCL 712A.19b(3)(j). Termination is proper under (j) if the court finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." Demonstrating behavior that would put a child at a risk of harm is sufficient to justify terminating parental rights under MCL 712A.19b(3)(j). *White*, 303 Mich App at 713. Here, respondent's failure to address her mental health issues put AM at risk. She used drugs while she was pregnant with him and she independently opted to stop taking prescription medications to treat her schizophrenia. Additionally, respondent's mental health had previously resulted in hospitalization for acute psychosis, delusions, suicidal ideations, and homicidal ideations. Respondent also demonstrated she did not know how to interact with AM when she visited AM on Zoom and talked to AM as though AM were an adult. Finally, shortly after AM was born, respondent solicited her body on Facebook, illustrating respondent's tendency to engage in inappropriate and harmful behaviors. All of this demonstrated that it was likely AM would be exposed to harmful behaviors and possible physical harm from improper care if he was returned to respondent. Given that respondent has not addressed her mental health concerns, has decided to stop taking her prescribed medications, and continues to engage in inappropriate and harmful behaviors, there is a reasonable likelihood that AM would be harmed if returned to respondent's care. See also *Kaczkowski*, 325 Mich App at 77 (citation omitted) (stating that "a parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home.").

III. BEST INTERESTS

A. STANDARD OF REVIEW

Respondent next alleges the trial court clearly erred by finding it was in AM's best interests to terminate her parental rights. This Court reviews for clear error the trial court's finding that termination of a parent's rights is in the child's best interests. *White*, 303 Mich App at 713.

B. ANALYSIS

"Once a statutory basis for termination has been shown by clear and convincing evidence, the court must determine whether termination is in the child's best interests." *In re Keillor*, 325 Mich App 80, 93; 923 NW2d 617 (2018) (quotation marks and citation omitted). "Best interests are determined on the basis of the preponderance of the evidence." *Id*. (quotation marks and citation omitted). The trial court should "weigh all of the evidence" when determining whether it

is in the child's best interests to terminate parental rights. *White*, 303 Mich App at 713. The court should consider "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. (quotation marks and citation omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 714.

We conclude that the trial court did not clearly err by finding that termination of respondent's parental rights was in AM's best interests. Although a child's placement with a relative weighs against termination of parental rights, *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010), the trial court acknowledged AM's placement with his relative, but found the need to provide him with stability and permanency outweighed the fact that he was placed with a relative. There was no evidence of a bond between AM and respondent. As noted above, respondent failed to follow her treatment plan or rectify her mental health issues. In addition to respondent's inability to take care of her children, respondent demonstrated poor parenting skills by failing to interact with AM in an age-appropriate manner. AM needed permanency and stability that respondent—because of her failure to comply with and benefit from services—was unable to provide him. AM's foster parent was willing to adopt him and he was thriving in the placement. See *White*, 303 Mich App at 714 (holding that the possibility of adoption is a factor to consider in a best-interests analysis). On this record, the trial court did not clearly err by finding it was in AM's best interests to terminate respondent's parental rights.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly