*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
August 1, 2024

*In re* K A L WOODSON, Minor.

No. 368981
Kalamazoo Circuit Court
Family Division
LC No. 2021-000182-NA

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating his parental rights to his son, KW, under MCL 712A.19b(3)(c)(*i*) (conditions which led to adjudication continue to exist), (c)(*ii*) (other conditions causing child to come into court's jurisdiction have not been rectified), and (j) (reasonable likelihood of harm if returned to parent). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

When KW was born, neither respondent nor his mother[1] were in a position to care for him. Primarily, respondent lacked stable housing and had domestic violence and substance abuse issues. After the trial court authorized the petition filed by petitioner, the Michigan Department of Health and Human Services (DHHS), and removed KW, it assumed jurisdiction over KW on the basis of respondent's plea that he lacked suitable housing.

Over the lengthy pendency of this case, respondent repeatedly failed to address his substance abuse and failed to consistently attend parenting times, which a caseworker opined was likely linked to the fact that he had to undergo drug screens at parenting times.[2] The trial court

---

[1] KW's mother was a respondent in the proceedings below, but is not a party to this appeal. As such, facts about the mother's case will not be discussed.

[2] DHHS was "in between" drug testing labs at the time, and had no way to call respondent for random drug screens. Thus, drug screens were to occur at parenting times.

adopted the caseworker's recommendation and suspended respondent's parenting time. Eventually, DHHS petitioned to terminate respondent's parental rights. The trial court adjourned the termination hearing to give respondent extra time to work toward reunification, and reinstated respondent's parenting time during this period. During this time, respondent made minimal progress, and the trial court terminated respondent's parental rights at the rescheduled hearing.

## II. SUSPENSION OF PARENTING TIME

Respondent argues the trial court erred by suspending his parenting time because it did not make the necessary findings concerning harm to the child. We agree, but conclude that any error in this instance is harmless.

## A. STANDARD OF REVIEW

We review a trial court's decision to suspend or modify parenting time for an abuse of discretion. *In re Laster*, 303 Mich App 485; 490-491; 845 NW2d (2013), superseded by statute on other grounds as recognized by *In re Ott*, 344 Mich App 723, 737-741; 2 NW3d 120 (2022).[3] A trial court abuses it discretion when it selects an outcome that is outside the range of reasonable and principled outcomes. *In re COH, ERH, JRG, & KBH*, 495 Mich 184, 202; 848 NW2d 107 (2014). A trial court also abuses its discretion when it makes an error of law. *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). Questions of statutory interpretation are reviewed de novo. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018).

> When interpreting statutes, our primary task is to discern and give effect to the intent of the Legislature. To accomplish that task, we begin by examining the language of the statute itself. If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [*COH, ERH, JRG, & KBH*, 495 Mich at 195 (quotation marks and citations omitted).]

---

[3] DHHS argues on appeal that respondent waived this issue by failing to object to, and agreeing with, the suspension of his parenting time below. We disagree. Respondent's counsel opined the "recommendations [were] appropriate[,]" in response to multiple recommendations placed on the record; counsel never identified any recommendations specifically, and some listed recommendations were favorable to respondent. "A waiver consists of the intentional relinquishment or abandonment of a known right." *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 3 (citation omitted). "Magic words are unnecessary to effectuate a valid waiver, but a waiver must be explicit, voluntary, and made in good faith." *Id.* (citation omitted). Given the vagueness of counsel's statement, in context, it cannot be said any waiver was made explicitly and voluntarily.

## B. LAW AND ANALYSIS

MCL 712A.13a(13) governs custody and placement orders after a child is removed. *Ott*, 344 Mich App at 738. At the time the trial court suspended respondent's parenting time, MCL 712A.13a(13), as amended by 2016 PA 191, provided:

> If a juvenile is removed from the parent's custody at any time, the court shall permit the juvenile's parent to have regular and frequent parenting time with the juvenile. Parenting time between the juvenile and his or her parent must not be less than 1 time every 7 days unless the court determines either that exigent circumstances require less frequent parenting time or that parenting time, even if supervised, may be harmful to the juvenile's life, physical health, or mental well-being. *If the court determines that parenting time, even if supervised, may be harmful to the juvenile's life, physical health, or mental well-being, the court may suspend parenting time until the risk of harm no longer exists.* The court may order the juvenile to have a psychological evaluation or counseling, or both, to determine the appropriateness and the conditions of parenting time. [Emphasis added.]

Thus, "even following adjudication, a parent has a statutory right to parenting time unless it may be harmful to the child's life, physical health, or mental well-being." *Ott*, 344 Mich App at 741.

The trial court asked the caseworker recommending suspension what the risk of harm was if parenting time occurred. The caseworker responded: "In regards to [if] parenting time were to continue due to the father not coming to all of his parenting times, the agency has concerns he is not attending due to his use of substances. So, we feel that it's in [KW's] best interests to have them suspended." The trial court suspended respondent's parenting time on the basis of this recommendation until he could provide three negative drug screens or underwent a substance abuse intake. Explaining its decision, the trial court stated:

> Regarding the suspended portion, the court does find that there is a substantial risk of harm to the minor child, and that the child would be physically, mentally and/or emotionally harmed if parenting time were to . . . occur. Based on the reasons, particularly stated by [the caseworker], on the record.

We agree the trial court's reason for suspending respondent's parenting time in this case was outside the range of reasonable and principled outcomes. *COH, ERH, JRG, & KBH*, 495 Mich at 202. Essentially, the trial court concluded respondent's failure to submit to drug screening and test negative posed a risk of harm to KW, but did not identify how this actually posed a risk to KW, even in supervised visits. Former MCL 712A.13a(13). Indeed, at the same hearing, the caseworker confirmed respondent was attentive to KW during visits and that there had never been any reports from respondent's previous supervised visits suggesting he appeared to be under the influence of drugs. This reasoning is further supported by the statements of the caseworker and DHHS's counsel, at the adjourned termination hearing, that there was no substantial risk of harm to KW if supervised parenting time were to resume. While there were concerns with respondent's behavior when he had joint visits with KW's mother because the two argued throughout the visits, there is no evidence respondent's individual interactions with KW were inappropriate. With no evidence that respondent's substance abuse actually posed a threat to KW during supervised

parenting times, the trial court's reasoning for suspending respondent's parenting time was an abuse of discretion.

But, any such error was harmless. The harmless error standard applies to child protective proceedings. See MCR 3.901(B)(1) (explaining certain court rules, including MCR 3.902, "apply to delinquency proceedings and child protective proceedings"); 3.902(A) (explaining "[l]imitations on corrections of error are governed by MCR 2.613"); MCR 2.613(A) (an error is "not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."); *In re Williams*, 286 Mich App 253, 273; 779 NW2d 286 (2009) (applying the harmless error standard in a child protective proceeding). "An error is harmless if it did not affect the outcome of the proceeding." *In re Moriconi*, 337 Mich App 515, 522; 977 NW2d 583 (2021) (citation omitted).

Respondent contends the suspension of his parenting time "was not harmless as it impeded reunification and affected [respondent's] efforts to rectify his barriers." This argument is clearly belied by the record. Before the trial court suspended respondent's parenting time, respondent's attendance was inconsistent. In the review period leading up to the hearing at which the trial court suspended his parenting time, respondent had missed 13 of the 18 offered visits with KW, and the caseworker noted at the hearing that respondent had not seen KW in almost a month. Additionally, the suspension of respondent's parenting time did not impede his efforts to rectify his barriers; respondent's failure to address his barriers remained constant both before and after the suspension of his parenting time. Respondent consistently failed to submit to drug screening, and, the screens to which he did submit were often positive. Respondent also consistently failed to follow up on parenting classes—which were part of his treatment plan with which the trial court ordered he comply—despite his caseworker making multiple referrals. These failures, consistent throughout the case regardless of whether respondent had parenting time available to him at the time, formed the basis of the trial court's determination to terminate respondent's parental rights. Because the trial court's erroneous suspension of respondent's parenting time did not affect the outcome of the case, this error is harmless. *Moriconi*, 337 Mich App at 522.[4]

## III. STATUTORY GROUNDS

Respondent next argues the trial court erred by finding statutory grounds to terminate his parental rights. We disagree.

---

[4] Respondent also highlights the importance of parenting time to "maintain and strengthen the relationship between parent and child[,]" *In re Rood*, 483 Mich 73, 98; 763 NW2d 587 (2009) (citation omitted), asserting the trial court considered respondent's lack of a bond with KW when making its best interests determination. But, respondent has not challenged the trial court's best interests findings on appeal; it is not in his statement of questions presented. As such, this secondary argument is abandoned. *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019) (deeming issues that were insufficiently briefed or not included in the statement of questions presented abandoned).

## A. STANDARD OF REVIEW

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds for termination has been established by clear and convincing evidence. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). This Court reviews the trial court's findings under the clearly erroneous standard. MCR 3.977(K). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been committed. *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

## B. LAW AND ANALYSIS

Under MCL 712A.19b(3)(c)(*ii*),[5] a trial court may terminate a respondent's parental rights if "182 or more days have elapsed since the issuance of an initial dispositional order," and the trial court finds, by clear and convincing evidence, that:

> Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age. [*Id*.]

Beyond respondent's housing issues, which served as the basis for his plea and the trial court's assumption of jurisdiction, there were other conditions that caused KW to come within the trial court's jurisdiction. Specifically, respondent did not comply with his treatment plan by failing to address his substance abuse and failing to complete parenting classes. Respondent was given notice and multiple hearings about these issues, as well as given numerous referrals and opportunities to rectify them. He had two years to rectify these issues, but failed to meaningfully do so. By the time of the final termination hearing, respondent still had not participated in any parenting classes to completion, and he continued to miss drug screens and parenting times. Respondent's failure to rectify these conditions, despite not only the lengthy period of the overall case, but the additional grace period provided by the trial court between the first and final

---

[5] We note that respondent's arguments concerning the trial court's findings under MCL 712A.19b(3)(c)(*i*) and (j) are abandoned on appeal. Respondent did not include his challenge to the trial court's findings under MCL 712A.19b(3)(c)(*i*) in his statement of the questions presented and did not provide any argumentative support for his challenge to the trial court's findings under MCL 712A.19b(3)(j). *Rippy*, 330 Mich App at 362 n 5 (deeming issues that were insufficiently briefed or not included in the statement of questions presented abandoned). Regardless, because only one statutory ground is needed to justify a trial court's termination of parental rights, *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011), and we determine the trial court's findings under MCL 712A.19b(3)(c)(*ii*) were appropriate, these abandoned issues would have no impact on our holding.

termination hearings, demonstrates there was no reasonable likelihood respondent would rectify the conditions in a reasonable time. The trial court did not err by determining that MCL 712A.19b(c)(*ii*) was satisfied and, by extension, terminating respondent's parental rights.[6]

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates

---

[6] Respondent also argues DHHS failed to make reasonable efforts toward reunification. To preserve an argument regarding the adequacy of services provided to a respondent, the respondent must "object or indicate that the services provided to them were somehow inadequate." *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Not only did respondent not object to DHHS's efforts below, he has not included this issue in his statement of the questions presented. As such, this issue is both unpreserved and abandoned. *Rippy*, 330 Mich App at 362 n 5; *Frey*, 297 Mich App at 247.